Mr. Justice McWilliams
delivered the opinion of the Court.
*599 On February 11, 1984 National Adjusters, Inc., a Colo-ado corporation, filed a complaint against Leslie A. Wise, wherein it sought judgment in the amount of $15,074.68. Some two years later Wise filed a motion to dismiss the aforementioned complaint, alleging as ground therefor the failure of National Adjusters to diligently prosecute its alleged claim for relief. On March 18, 1966 the trial court granted this motion to dismiss and entered formal judgment dismissing the complaint, with prejudice. At this hearing counsel for National Adjusters was personally present and in open court stated that he had no objection to the granting of the motion to dismiss.
On April 29, 1966 Western Empire Life Insurance Company was substituted for National Adjusters as party plaintiff. On May 17, 1966 Western Empire, with counsel different from that which had theretofore represented National Adjusters, filed a motion to set aside and vacate the judgment of dismissal theretofore entered by the trial court on March 18, 1966. This motion, after hearing, was denied on July 6, 1966, though the trial court did delete from its earlier judgment the words “with prejudice.” On July 13, 1966 Western Empire filed a “Motion for Rehearing and for New Trial,” which motion was denied on September 2, 1966. Thereafter, a form of praecipe and designation of parties was filed with the clerk of this Court on October 17, 1966, at which time writ of error issued.
R.C.P. Colo. 111(b) provides that no writ of error shall be issued after three months from the entry of the judgment complained of. So, if the judgment here complained of be the judgment entered by the trial court on March 18, 1966, it is at once apparent that writ of error did not issue within the time prescribed in the aforementioned rule. This is true, unless it be that the “three month” rule begins to run from September 2, 1966, the date when the trial court denied *600 Western Empire’s “Motion for Rehearing and for New Trial.”
 This precise question was considered in Johnson v. Johnson, 132 Colo. 236, 287 P.2d 49. There, in a very similar factual situation, we held that the date when the trial court entered judgment dismissing the complaint was the controlling one, and accordingly in that case we dismissed the writ of error because it was not timely issued. So, in the instant case, the writ of error did not issue until some seven months after the judgment of dismissal for failure to prosecute, and accordingly it, too, must therefore be dismissed. See also Robles v. People, 150 Colo. 462, 373 P.2d 701.
It is to be noted and emphasized that in the Johnson case, as in the instant one, the plaintiff, on the very date of the judgment of dismissal, had actual knowledge that his complaint was being dismissed.
The writ of error is dismissed.