Mr. Justice McWilliams
delivered the opinion of the Court.
Commercial Credit Corporation, hereinafter referred to as the plaintiff, brought an action against C. T. and Shirley B. Frederick. The Fredericks will hereinafter be referred to as the defendants. Upon trial, after plaintiff had presented its evidence, the trial court granted the defendants’ motion to dismiss and accordingly at that time, namely May 4, 1967, entered formal judgment in favor of the defendants.
On or about May 23, 1967 plaintiff filed a motion for a new trial. A hearing on this motion was then set for August 11, 1967. On July 24, 1967, however, plaintiff sued out a writ of error from this Court. When the motion for new trial came on for hearing on August 11, 1967, the defendants questioned the jurisdiction of the trial court to hear the matter inasmuch as a writ of error had previously issued from this Court. The trial court agreed with counsel for the defendants and concluded that it had no power to proceed because of the issuance of the aforementioned writ of error.
Faced with this impasse, plaintiff then filed a motion in this Court seeking to break the log jam thus created. Specifically, in the writ of error which it had previously sued out, plaintiff filed a motion requesting us to direct the trial court to hear and determine the pending motion *7 for a new trial. The defendants have since filed their objections to the entry of such an order and this motion now awaits our determination.
R.C.P. Colo. 111(b) provides that “no writ of error shall be issued after 3 months from the entry of the judgment complained of . . .” It has long been the rule that where there has been an actual trial which culminates in an entry of judgment, and a motion for new trial is thereafter filed, until such time as the motion for new trial has been determined the judgment is not final within the meaning of Rule 111(b) and that the time when the losing party’s motion for a new trial is denied marks the date when the judgment becomes final for the prosecution of a writ of error. King v. Williams, 131 Colo. 286, 281 P.2d 163; Pueblo v. Mace, 130 Colo. 162, 273 P.2d 1015; and Bankers Co. v. Hall, 116 Colo. 566, 183 P.2d 986.
Counsel for plaintiff claims, however, that they are nonetheless uncertain as to whether the three months period of time within which they could sue out their writ of error dates from the time when judgment actually entered, namely May 4, 1967, or would date from the time when the trial court denied their motion for a new trial. Being uncertain, and at the same time desirous of protecting their right to review, counsel therefore proceeded to sue out a writ of error on the premise that such had to be obtained within three months from the date judgment entered. It was for this reason that our writ issued before the trial court ruled on plaintiff’s motion for new trial.
The uncertainty referred to above is said to arise from our recent decision in Western Empire Life Insurance Company v. Wise, 161 Colo. 598, 423 P.2d 835. In our view our pronouncement in Western Empire has no application to the present situation, and hence the time within which plaintiff in the instant case may sue out its writ of error does not even start to run until its motion for a new trial is denied.
*8 In Western Empire the defendants’ motion to dismiss for failure of the plaintiff to prosecute his action was granted and a formal entry of judgment promptly followed. The hearing concerning said motion to dismiss was upon notice, with counsel for the plaintiff not only present but voicing no objection to the dismissal of the claim for failure to prosecute. It was only in this particular setting that we held that the aforementioned “3 months rule” started to run from the time the judgment of dismissal was entered, and that this time could not be extended by the filing of motions to vacate or for a new trial.
But, as we have already said, our holding in Western Empire does not in any manner govern the present controversy. Here there was no dismissal for failure to prosecute. Rather there was a trial which culminated in a judgment in favor of the defendants. Plaintiff then in apt time filed its motion for new trial. In this circumstance, until such time as the motion for new trial is denied, plaintiff’s time within which it may sue out its writ of error in this Court does not even start to run. Hence, plaintiff’s present writ of error is premature, inasmuch as the trial court has not, as yet, entered any final judgment resolving once and for all the controversy between the parties at the trial court level. This is so because there is still pending before the trial court and awaiting its determination, plaintiff’s motion for new trial.
Accordingly, not only is plaintiff’s motion for an order directing the trial court to hear and determine the motion for a new trial denied, but also this Court on its own motion hereby dismisses the present writ of error on the ground that its issuance was premature. In this circumstance, then, the trial court no doubt will promptly proceed to hear and determine plaintiff’s motion for new trial and, if such be denied, then plaintiff will thereafter have the right under appropriate *9 rule to seek the issuance of a writ of error from this Court, if it should then be so inclined.