538 P.2d 1343 (1975)
Claude W. CONCELMAN and Mildred B. Concelman, Plaintiffs-Appellees,
v.
Ruth RAY, formerly known as Ruth Trostel, Defendant-Appellant.
No. 74-474.
Colorado Court of Appeals, Div. I.
June 17, 1975.
Rehearing Denied July 8, 1975.
Certiorari Denied September 2, 1975.
Hayden, Ross & Sweeney, William G. Ross, Lakewood, for plaintiffs-appellees.
*1344 Lewis E. Eagan, Charles P. Miller, James J. Scott, Aurora, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
On our own motion we have raised the issue of whether we have jurisdiction to hear this appeal. Having afforded counsel opportunity to brief the question, we now rule that the appeal is dismissed.
The operative facts are as follows. On or about May 22, 1974, judgment was rendered against defendant pursuant to a jury verdict. Timely motion for new trial was filed. On July 17, 1974, the parties filed a stipulation with the court allowing themselves 75 days from the date of the trial court's ruling on the motion for new trial within which to file a notice of appeal. On July 18, 1974, the trial court ruled on the motion for new trial, but that order did not grant any extension of time within which to file a notice of appeal as provided by C.A.R. 4. See Laugesen v. Witkin Homes, Inc., 29 Colo.App. 58, 479 P.2d 289. On October 1, 1974, defendant filed her notice of appeal with the district court.
The timely filing of a notice of appeal is mandatory and jurisdictional, Chapman v. Miller, 29 Colo.App. 8, 476 P.2d 763. The parties may not by their independent action amend or waive this jurisdictional requirement. Hence, the failure to file a notice of appeal within 30 days from entry of the order denying the motion for new trial or within an extension of time as provided for in C.A.R. 4(a) removes this case from our jurisdiction. Federal Lumber Co. v. Hanley, 33 Colo.App. 18, 515 P.2d 480.
Appeal dismissed.
BERMAN, J., concurs.
COYTE, J., dissents.
COYTE, Judge, respectfully dissenting.
The majority opinion is too stringent and prevents our making a decision on the merits, contrary to the spirit of the Colorado Rules of Civil Procedure. See Swan v. Zwahlen, 131 Colo. 184, 280 P.2d 439. Where objection is made at the proper time and place, and appears in the record, we have no alternative but to enforce the applicable rule and dismiss the appeal. Continental Air Lines, Inc. v. City and County of Denver, 129 Colo. 1, 266 P.2d 400.
In the instant case, the appellees have raised no objection to the jurisdiction of the court. Their attorney had advised that the stipulation, as to when the notice of appeal had to be filed, "was entered into in good faith without resort to the Colorado Appellate Rules or the effect thereunder by that stipulation." He did not file a brief in support of the proposition that the case should be dismissed because of lack of jurisdiction.
Here, the jurisdictional problem arose because of the misapprehension by both of the attorneys as to the effect of the stipulation. The aforementioned stipulation placed all parties and the court below on notice that an appeal from an adverse ruling by the trial court was to be anticipated from either party. I am of the opinion that we should suspend the strict requirement of C.A.R. 3 by authority of C.A.R. 2 as was done in Service Oil Co. v. Rhodus, 179 Colo. 335, 500 P.2d 807 and hear the appeal on its merits.