541 P.2d 1272 (1975)
Arthur G. DILL, as Chief of Police, Police Department, in and for the City and County of Denver, Petitioner-Appellant,
v.
COUNTY COURT IN AND FOR the CITY AND COUNTY OF DENVER, and the Honorable Robert E. Commins, County Judge within and for the City and County of Denver, State of Colorado, Respondents-Appellees,
Ronald A. Sandoval and Mary Alice Abeyta, Intervenors-Appellees.
No. 74-450.
Colorado Court of Appeals, Div. II.
October 23, 1975.
Max P. Zall, City Atty., Lloyd K. Shinsato, William J. Chisholm, Asst. City Attys., Denver, for petitioner-appellant.
Ralph B. Rhodes, Denver, for respondents-appellees.
Remigio Pete Reyes, Alfredo E. Pena, Denver, Hector O. Sanchez, Law Student, for intervenors-appellees.
Selected for Official Publication.
KELLY, Judge.
Arthur G. Dill, as Chief of Police in the City and County of Denver, appeals from an order of the trial court denying his petition for relief in the nature of prohibition. We dismiss the appeal.
The record in this case, as originally presented to this court, showed that the trial court disposed of the issues between the parties on April 30, 1974, by minute order. Motion for new trial was not filed until May 29, 1974. This motion was denied *1273 on July 18, 1974, but notice of appeal was not filed until August 20, 1974. Moreover, the record contained no indication of entry of judgment in the register of actions.
Accordingly, since it appeared that there had been a failure to comply with the requirements of C.R.C.P. 58(a)(2), 59(b), 79(a)(4), and C.A.R. 4(a), this court, on July 7, 1975, issued an order to show cause why this appeal should not be dismissed for noncompliance with these rules. Additional time was thereafter granted to allow appellant to perfect the record, a total of 60 days having been authorized for this purpose.
A supplemental record was filed in this court which shows that the trial court granted two extensions of time for the filing of appellant's motion for new trial. The supplemental record also contains a written form of judgment signed by the trial court on the 31st day of July, 1975, nunc pro tunc to July 22, 1974. This judgment was entered in the register of actions on July 31, 1975. It thus appears that the record deficiencies under C.R.C.P. 58(a)(2), 59(b), and 79(a)(4) have been substantially corrected.
The question remains, however, whether the supplementation of the record meets the requirements of C.A.R. 4(a). The answer depends on the effective date of the judgment of July 31, 1975.
Nunc pro tunc judgments operate retrospectively and are given the same force and effect as if entered at the time the court's decision was originally rendered. See Stone v. Currigan, 138 Colo. 442, 334 P.2d 740; Feuquay v. Industrial Commission, 107 Colo. 336, 111 P.2d 901. While the formal entry of judgment is a mere clerical or ministerial function, correction of such clerical oversights must relate back to the date of the actual rendition of decision. See Harrington v. Harrington, 58 Colo. 154, 144 P. 20.
Here, while the ostensible purpose of the nunc pro tunc judgment was to correct the clerical failure to timely enter judgment on the April 30, 1974 decision, the trial court did not select the actual date of its decision for its nunc pro tunc date. Instead, an arbitrary date, July 22, 1974, was chosen for the apparent purpose of resurrecting this appeal from the fatal defect of untimely filing of the notice of appeal on August 20, 1974.
A trial court may not thus correct jurisdictional defects in the appeal. Compliance with the rules of court is prerequisite to appellate jurisdiction, and actions undertaken to avoid application of those rules, whether by the parties or by the trial court, cannot operate to confer jurisdiction. See Concelman v. Ray, Colo. App., 538 P.2d 1343. Nor may a nunc pro tunc judgment be used to circumvent the time requirements of the rules of procedure, see Dickson v. Horn, 89 Colo. 234, 1 P.2d 96, and thus we may not consider July 22, 1974, as the date of entry of the judgment.
The date of entry of judgment in this case, for purposes of appeal, must be either April 30, 1974, or July 31, 1975. If it is April 30, 1974, then the notice of appeal directed to the judgment of that date was not timely filed following denial of the motion for new trial, and the defect is jurisdictional. See Chapman v. Miller, 29 Colo.App. 8, 476 P.2d 763. If July 31, 1975, is the effective date of the judgment, there has been no notice of appeal directed to a judgment of that date.
While this court will exercise all proper means to preserve the valuable right to appeal, this is not a case in which something has been done too soon, resulting in a premature appeal. See, e. g., Commercial Credit Corp. v. Frederick, 164 Colo. 5, 431 P.2d 1016. This is a case in which nearly everything has been done too late. This court is, therefore, without jurisdiction to proceed, and the appeal is accordingly dismissed.
SMITH and RULAND, JJ., concur.