George A. KIMMEY and Tommy J. Kimmey, Plaintiffs-Appellants and Cross-Appellees,

v.

Clyde E. PEEK and Earth Excavating, Inc., Defendants-Appellees and Cross-Appellants.

No. 80CA0806.

Colorado Court of Appeals, Div. III.

July 28, 1983.

As Modified on Denial of Rehearing Sept. 8, 1983.

Certiorari Denied April 2, 1984.

---

standards are implicated in the challenges and the ruling.

Haskell & Crandell, Daniel M. Haskell, Radosevich & Stokes, C.M. Radosevich, Denver, for plaintiffs-appellants and cross-appellees.

James R. Benson, Jr., Denver, for defendants-appellees and cross-appellants.

KELLY, Judge.

Plaintiffs, George and Tommy Kimmey, appeal from a jury verdict in favor of defendants Clyde E. Peek and Earth Excavating, Inc. Plaintiffs sued for breach of contract in the construction of their home, and Peek and Earth Excavating counterclaimed for the amount still due for work performed, and for fraud in failing to execute a mutual release to which the parties had agreed and upon which the defendants had relied in allowing their mechanic's lien rights to expire. We affirm in part, reverse in part, and remand.

The parties entered into a supervision contract and a construction loan agreement for the construction of the Kimmeys' home. The Kimmeys sued for breach of the contracts, alleging that the price of construction had exceeded the quoted price, that the construction had not been completed on time, and that the construction was defective. Earth Excavating counterclaimed for $659.76 unpaid on the contract and sought $10,000 in punitive damages on the fraud counterclaim, alleging that George Kimmey had promised to sign the mutual release without ever intending to do so and that Earth Excavating allowed its mechanics' lien rights to expire in reliance on Kimmey's promise.

The issues were submitted to the jury which returned special verdicts finding that the defendants had performed the construction contract in a proper manner and that George Kimmey had fraudulently induced the defendants to allow their mechanic's lien rights to expire. The jury awarded Earth Excavating $7,000 in actual damages and awarded $22,500 in exemplary damages.

In this appeal the Kimmeys argue that there was insufficient evidence to submit the issue of fraud to the jury, that the special verdict forms submitted to the jury erroneously permitted the jury to award punitive damages to a party who had not been awarded actual damages, and that the

trial court improperly excluded the testimony of an expert witness. Defendants answer that plaintiffs' notice of appeal was untimely, and on cross-appeal, they argue that they should have been awarded attorney's fees at trial under § 13–17–101, C.R.S.1973.

I.

On March 13, 1980, plaintiffs filed a "Motion for Stay of Execution", pending disposition of the "Motion for New Trial" which they filed on April 11, 1980, and a "Motion to Alter Judgment" pursuant to C.R.C.P. 59(e). On June 12, 1980, the trial court ruled on the "Motion for New Trial" and ordered that the motion be granted unless Earth Excavating agreed within thirty days to remit $6,419 of the actual damages award. On June 27, 1980, defendants remitted that sum, and on June 30, 1980, the trial court granted the requested stay of execution. On August 6, 1980, plaintiffs filed a "Notice of Appeal."

Defendants assert that plaintiffs' notice of appeal was not filed in a timely manner. Plaintiffs respond that the stay of execution had the effect of granting an extension of time pursuant to C.A.R. 4(a) in which to file a notice of appeal. Under the circumstances in this case, we agree with plaintiffs.

On June 12, 1980, the motion for new trial was granted "unless Defendant Earth Excavating, Inc., files a written remittitur ... within 30 days from the date of this order." Ordinarily, the time for filing a notice of appeal is suspended until the motion for new trial is ruled on, and the 30-day period commences with the date on which the new trial motion is denied. C.A.R. 4(a). Here, however, the ruling of the trial court was conditioned upon the conduct of the defendants and the operative date of its order was thus indeterminate. Moreover, although the defendants filed their remittitur on June 27, 1980, the record does not reveal that the plaintiffs were ever notified of this action. Three days later, the trial court granted a stay of execution, ordering:

"that all judgments against Plaintiffs herein should be stayed until Plaintiffs have had opportunity to file their appeal herein.

"IT IS ORDERED that there be a stay of execution of, or any proceeding to enforce, all judgments herein against [Plaintiffs] until Thursday, August 7, 1980."

■ We agree with the plaintiffs that this language in the stay order is susceptible to the interpretation that an extension of time to file a notice of appeal was granted to the named day certain. Absent this interpretation of the stay order, the order directed to the motion for new trial could be interpreted as becoming operative either on June 27 with the filing of the remittitur, or as not having yet become operative because of the failure to notify the plaintiffs of the filing of the remittitur, or as becoming operative on July 12, with the expiration of the 30-day period specified in the order.

Where it is not clear what a trial court intended by an order susceptible to differing interpretations, an appellate court is loathe to deprive a litigant of valuable appellate rights. *See Dill v. County Court*, 37 Colo.App. 75, 541 P.2d 1272 (1975). Accordingly, we interpret the stay order as an extension of time in which to file a notice of appeal, *Baker v. Baker*, 667 P.2d 767 (Colo.App.1983), and hold that this appeal is properly before us.

II.

Plaintiffs seek reversal on the ground that the special verdict and the instructions submitted to the jury were so vague that the jury could have intended to grant punitive damages to both Peek and Earth Excavating, whereas Peek was ineligible to receive punitive damages. We agree.

■ Punitive damages may not be recovered absent an award of actual damages. *Leo Payne Pontiac, Inc. v. Ratliff*, 29 Colo.App. 386, 486 P.2d 477 (1971). Since defendants in their pleading alleged actual damages only to Earth Excavating,

the trial court could properly submit to the jury the issue of damages for fraud only as to Earth Excavating. However, in instructing the jury on the elements of fraud, the trial court made repeated reference to "defendants or either or both of them"; on the issue of damages for fraud, the trial court continued to refer to the "Defendants"; and in instructing the jury on the award of exemplary damages, the trial court again referred to "Defendants or either or both of them" and stated:

> "You may also award the Defendants or either or both of them a reasonable sum as exemplary damages.
>
> "Exemplary damages are not to be construed as compensation to the Defendants or either or both of them for a wrong done but as punishment to the Plaintiff and as an example to others."

Further, the special verdict form in questions No. 4 through 10 referred to Peek and Earth Excavating as "the Defendants," and the question as to what award of punitive damages was appropriate failed to distinguish between the defendants.

Based on the instructions and the special verdict form, the jury may have awarded punitive damages both to Peek and Earth Excavating. For this reason, the award of punitive damages must be reversed. It is therefore unnecessary to consider whether the award was excessive.

### III.

■ Defendants' cross-appeal for an award of attorney's fees is not properly before us since no motion was made for a new trial. Since the trial court resolved issues of fact in denying the requested attorney's fees, a timely motion for new trial, or to alter or amend the judgment, is a jurisdictional prerequisite to appellate review. C.R.C.P. 59(f).

### IV.

We find no merit to plaintiffs' contention that the trial court erred in finding witness Vandenberg unqualified to testify as an expert. *Baird v. Power Rental Equipment, Inc.*, 191 Colo. 319, 552 P.2d 494 (1976). Plaintiffs' assertion that there was insufficient evidence on the issue of liability for fraud to submit the issue to the jury is also without merit.

Since plaintiffs' contentions concerning the excessiveness of the punitive damage award, the irregular trial proceedings, and the improper conduct of opposing counsel are not apt to recur on retrial, we need not address them here.

We affirm the verdict of plaintiff's liability for fraud and reverse and remand for a new trial on punitive damages and for entry of an order dismissing the cross-appeal of Clyde E. Peek.

BERMAN and VAN CISE, JJ., concur.