In re the MARRIAGE OF Mildred ROSS, Appellant,

and

Bert C. Ross, Appellee.

No. 82CA0986.

Colorado Court of Appeals, Div. III.

Sept. 1, 1983.

Theodore P. Koeberle, Boulder, for appellant.

Epperson, McClary & Zorn, George A. Epperson, Donald F. McClary, Edward L. Zorn, Fort Morgan, for appellee.

BERMAN, Judge.

In this dissolution of marriage action, wife appeals the trial court's order upholding the validity of an antenuptial agreement. We affirm.

When they were married in 1962, husband was 65 years old, wife was 50 years old, and both parties had families of their own. On their wedding day, they executed an antenuptial agreement. In pertinent part, the agreement contained provisions describing, in general terms, the assets owned by each party, including real estate, securities, and savings accounts. Those provisions also indicated that all of the listed assets had "been discussed and fully disclosed" to the other party and that it was the parties' desire that each should keep all of his or her property and assets then owned free from any claim that the other might acquire by reason of marriage. The agreement also contained provisions that the parties understood the agreement, thought it was fair and equitable, and executed it voluntarily and not under duress.

Wife petitioned for dissolution in 1981 and requested maintenance, attorney's fees and costs, and a determination of property rights. Husband responded that these requests should be denied because the parties' rights were governed by the antenuptial agreement. Wife then filed a "Motion to Declare Validity of Agreement" contending that the antenuptial agreement was invalid because she had signed it under duress and without a full and fair disclosure by husband of the effects of the agreement and of the property and assets affected thereby.

At the hearing on that motion, the parties confined their testimony to the events surrounding the preparation and execution of the agreement. At the conclusion of the hearing, the court made oral findings upholding the validity of the agreement and signed a decree which had been prepared by husband's attorney. That decree dissolved the marriage, found that the antenuptial agreement was "not unconscionable as to support, maintenance or property," and ordered the parties to perform the provisions of the agreement. The court subsequently entered written findings concerning the validity of the antenuptial agreement. Wife's new trial motion challenged only the court's findings concerning the validity of the agreement.

We first address husband's contention that we should dismiss the appeal because wife filed a premature notice of appeal. We decline to dismiss the appeal.

On the same day that her new trial motion was filed, wife filed a notice of appeal as to:

"those items made grounds for new trial in said Motion, that being the Order of this Court on June 1, 1982 nunc pro tunc May 28, 1982 upholding the validity of an Ante-nuptial Agreement between the parties . . . ."

Two days later, the new trial motion was denied.

The precise issue before us apparently has not been addressed in the written opinions of our courts. In *Commercial Credit Corp. v. Frederick*, 164 Colo. 5, 431 P.2d 1016 (1967), the plaintiff had filed a motion

for new trial but then sought appellate review in the Supreme Court. In that case, however, the trial court declined to rule on the new trial motion, concluding that it had no power to proceed. The Supreme Court dismissed the appeal as premature noting that the new trial motion was still pending and that:

"the trial court has not, *as yet,* entered any final judgment resolving once and for all the controversy between the parties at the trial court level." (emphasis added)

Here, from a purely technical procedural standpoint, it could be argued that jurisdiction passed from the district court to us upon the filing of the notice of appeal and that, therefore, the district court lacked jurisdiction to rule on the new trial motion. *Cf. Davidson Chevrolet, Inc. v. City & County of Denver,* 137 Colo. 575, 328 P.2d 377 (1958), *cert. denied,* 359 U.S. 926, 79 S.Ct. 609, 3 L.Ed.2d 629 (1959). If that line of reasoning is followed, the court's ruling on the new trial motion was a nullity, that motion is still pending in the trial court, and we should dismiss the appeal for lack of final judgment, thereby revesting jurisdiction in the trial court for a ruling on the motion.

There is no question that the instant procedural situation does not comport with that contemplated by C.A.R. 4(a). However, adherence to strict jurisdictional notions here would create a needless waste of judicial resources. This case is one where something was done too soon, not too late. *See Dill v. County Court,* 37 Colo.App. 75, 541 P.2d 1272 (1975). Moreover, this matter is now final as a result of the trial court's denial of the new trial motion. *See Commercial Credit Corp. v. Frederick, supra.*

■ While we do not condone the procedure employed here, no useful purpose would be served by dismissing the appeal as premature. Rather, the rationale of *Ayala v. Colorado Department of Revenue,* 43 Colo.App. 357, 603 P.2d 979 (1979) is helpful. The notice of appeal clearly apprised husband of the judgment which wife was challenging, *see Widener v. District Court,* 200

Colo. 398, 615 P.2d 33 (1980), and no prejudice accrued to husband because of the premature filing. *See Ayala v. Colorado Department of Revenue, supra.*

On appeal, wife contends that the court erred in finding that the agreement was not signed under duress. We disagree.

Wife's own testimony established that, prior to the marriage, an attorney of her own choosing reviewed a draft agreement substantially identical to the one which was signed and recommended two additions, one which husband agreed to and incorporated in the agreement and one which was refused. She also testified that she did not ask to see her attorney again when the agreement was executed because he had seen the agreement except for the one addition.

■ There is evidence in the record that wife had and took an opportunity for reflection, and counseled with and had the benefit of her attorney's advice. *See Wiesen v. Short,* 43 Colo.App. 374, 604 P.2d 1191 (1979). Hence, the court's finding that the agreement was not signed under duress is supported by the evidence and is binding on review. *See Peterson v. Ground Water Commission,* 195 Colo. 508, 579 P.2d 629 (1978).

Wife also contends that the court erred in finding that husband had made a full and fair disclosure of his assets. We disagree.

■ The burden of proving failure to disclose was upon wife as the party contesting the validity of the antenuptial agreement. *In re Marriage of Newman,* 653 P.2d 728 (Colo.1982); *In re Estate of Lopata,* 641 P.2d 952 (Colo.1982). Wife's testimony was equivocal. It is, however, virtually undisputed that neither party disclosed the *value* of his or her assets. Wife testified that she did not disclose the value of her assets and did not ask husband to disclose the value of his, and husband testified that he did not disclose a value because he did not know himself what his assets were worth.

■ Based on the testimony, the court found: that the parties knew each other approximately nine months prior to their

marriage and during that time gained knowledge of each other's assets; that the parties were represented by separate counsel prior to execution of the agreement; that the parties were satisfied with the disclosure of assets contained in the agreement; and that the parties had adequately disclosed their properties to each other, each had actual knowledge of the other's property, and there was no concealment of assets by either party. On the basis of these findings, the court concluded that wife had failed to meet her burden of proof.

■ It was the trial court's prerogative to resolve the conflicting evidence concerning disclosure. *See In re Marriage of Stokes,* 43 Colo.App. 461, 608 P.2d 824 (1979). Moreover, husband's failure to disclose the value of his assets is insufficient, standing alone, to invalidate the agreement based on nondisclosure. *See In re Marriage of Ingels,* 42 Colo.App. 245, 596 P.2d 1211 (1979); *In re Estate of Lewin,* 42 Colo.App. 129, 595 P.2d 1055 (1979).

As stated in *In re Estate of Lopata, supra:*

"Fair disclosure is not synonymous with detailed disclosure such as a financial statement of net worth and income. Where the agreement was freely executed, the fact that one party did not disclose in detail to the other party the nature, extent, and value of his or her property will not alone invalidate the agreement or raise a presumption of fraudulent concealment.... Fair disclosure contemplates that each spouse should be given information, of a general and approximate nature, concerning the net worth of the other."

Here, the evidence supports the court's findings concerning disclosure and the wife's general knowledge concerning the extent of husband's assets. *See In re Marriage of Ingels, supra.* The factual situation present here does not justify disturbing the trial court's determination and undoing what the parties freely agreed to in 1962.

*Cf. Linker v. Linker,* 28 Colo.App. 131, 470 P.2d 921 (1970).

Judgment affirmed.

KELLY and TURSI, JJ., concur.