**CORINTHIAN HILL METROPOLITAN DISTRICT, Plaintiff,**

v.

**Robert R. KEEN, Defendant and Third–Party Plaintiff–Appellee,**

v.

**Eugene R. LaVAQUE, Third–Party Defendant–Appellant.**

**No. 90CA0906.**

Colorado Court of Appeals, Div. V.

May 9, 1991.

Cosgriff, Dunn & Abplanalp, John W. Dunn, Vail, for defendant and third-party plaintiff-appellee.

Letofsky & Stromer, Steven F. Letofsky, Frisco, for third-party defendant-appellant.

Opinion by Judge NEY.

Third-party defendant, Eugene R. LaVaque, appeals the summary judgment entered in favor of third-party plaintiff, Robert R. Keen. We dismiss the appeal without prejudice.

LaVaque conveyed, by warranty deed, property to Keen. The deed did not accept the payment of water and sewer tap fees, which were unpaid at the time of conveyance. Subsequently, the local development district secured a statutory lien against the property for nonpayment of the tap fees. An action to foreclose the lien and to collect resultant attorney fees and costs from Keen was commenced by the plaintiff district.

Because a dispute existed as to who is responsible for payment of the unpaid tap fees, this third-party claim was initiated by Keen. In this action, Keen sought to be

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

indemnified for any judgment against him in favor of the district. The trial court entered judgment in favor of Keen in the amount of the lien, which had been determined as Keen's responsibility to the district, but did not resolve the matter of attorney fees, interest, and costs incurred by the district in prosecuting its foreclosure action. These same fees, interest, and costs may ultimately be Keen's responsibility to the district and, therefore, may be a portion of Keen's claim against LaVaque.

LaVaque contends that the trial court erred in certifying this summary judgment as final, pursuant to C.R.C.P. 54(b), because resolution of Keen's claim is subject to a final determination of the district's claim against Keen. We agree.

In an action upon multiple claims or involving multiple parties, C.R.C.P. 54(b) allows entry of final judgment as to one but fewer than all claims or parties upon an express determination that there is no just reason for delay. However, the rule is not applicable here where Keen's indemnification claim against LaVaque is directly dependent upon the as-yet-undetermined amount of judgment to be awarded the district in its claim against Keen.

Keen seeks from LaVaque indemnification for the *entire* amount of judgment which may be awarded to the district in its action against Keen. The judgment sought by the district is not merely the amount due for water and sewer tap fees, which the court here awarded to Keen against LaVaque, but for all the costs incurred by the district in its action to foreclose. These costs, which include attorney fees, are not a supplement to the judgment sought but an integral part of Keen's claim.

At the time of the judgment there, attorney fees, interest, and costs in the district's primary controversy with Keen had not been determined. Therefore, it was impossible to award Keen the relief which he sought and to make an ultimate disposition of his claim against LaVaque. *See Harding Glass Co. v. Jones*, 640 P.2d 1123 (Colo.1982).

In urging this court to uphold the trial court's C.R.C.P. 54(b) certification, Keen relies on *Baldwin v. Bright Mortgage Co.*, 757 P.2d 1072 (Colo.1988). There, the supreme court held that a final judgment on the merits is appealable regardless of any unresolved issue of attorney fees. However, *Baldwin* is inapplicable here since there has been no final disposition of Keen's claim against LaVaque.

In *Baldwin*, the petitioners' claim was dismissed, and attorney fees were awarded pursuant to § 13–17–101, C.R.S. (1983 Repl. Vol. 6). Accordingly, the attorney fees "were not in any way part of the relief sought, but were awarded because, in the trial court's view, the relief sought was frivolous."

The attorney fees in *Baldwin* were thus supplemental to the substance of the relief sought by petitioners. Here, in marked contrast, the district's undetermined claim for attorney fees, interest, and costs is part of the total relief sought by the district against Keen and is an integral part of the indemnification that Keen seeks from LaVaque. Therefore, until the amount, including interest, fees, and costs, awarded to the district in its action against Keen is fully known, Keen's claim in indemnity against LaVaque cannot be resolved.

Full adjudication of rights and liabilities of parties regarding an appealed claim is required before C.R.C.P. 54(b) certification is proper. *Lytle v. Kite*, 728 P.2d 305 (Colo.1986).

We conclude that, since the primary claim of the district against Keen has not been finally and completely adjudicated, the third-party claim of Keen against LaVaque is incapable of final resolution. *See Kelly v. Mid–Century Insurance Co.*, 695 P.2d 752 (Colo.App.1984). Thus, appeal of the ruling on the third-party claim was premature, and the trial court erred in concluding that there was no just reason for delay in entering judgment in the third-party action. The C.R.C.P. 54(b) order being improper, this court is without jurisdiction to decide the merits of the appeal.

The appeal is dismissed without prejudice.

JONES and DAVIDSON, JJ., concur.