James M. and Karen D. BRODERICK, Plaintiffs–Appellees,

v.

McELROY AND McCOY, INC., d/b/a Prudential–McElroy McCoy Realtors, Inc., and Prudential Prime Properties, Inc., Defendants–Appellants.

No. 96CA0712.

Colorado Court of Appeals, Div. III.

Oct. 16, 1997.

As Modified on Denial of Rehearing Jan. 8, 1998.

Certiorari Denied July 27, 1998.

March & Mayatt, P.C., J. Brad March, Fort Collins, for Plaintiffs–Appellees.

Victor M. Grimm, P.C., Victor M. Grimm, Krassa, Kumli & Madsen, LLC, Stephen C. Miller, Boulder, for Defendants–Appellants.

Rothgerber, Appel, Powers & Johnson, Richard K. Clark, Joann L. Vogt, Denver, for Amicus Curiae, National Association of Realtors, Colorado Association of Realtors and Ft. Collins Board of Realtors.

Opinion by Judge NEY.

Defendants, Ray Dixon, McElroy and McCoy, Inc., d/b/a Prudential–McElroy McCoy Brokers, Inc., and Prudential Prime Properties, Inc., (brokers) appeal the trial court's award of attorney fees and certain costs against brokers in favor of James M. and Karen D. Broderick (sellers) on their claim of breach of fiduciary duty. Brokers also appeal the trial court's award of actual damages, attorney fees, and costs against brokers jointly and severally with co-defendants William and Karen Eberhart (buyers) (who are not parties to this appeal). We affirm in part and reverse in part.

In late summer 1993, buyers approached brokers to request assistance in locating a certain type of real property buyers wished to purchase. There was no written or oral agreement between buyers and brokers. Brokers approached sellers and inquired whether they would be interested in selling certain real property which was not, at that time, on the market. When brokers approached sellers, it was unclear whether brokers were representing sellers or buyers.

In September 1993, sellers and buyers executed a contract for sale of the real property (contract). Although there was no written listing agreement between brokers and sellers, the contract provided that brokers represented sellers and owed "duties of trust, loyalty, and confidence" exclusively to sellers.

The contract required buyers to apply for financing within five days of the date of execution of the contract and provided that, if buyers' application was not approved on or before October 15, 1993, the contract would terminate. The contract also contained an attorney fee provision.

After buyers timely applied for financing, they learned that the appraisal valued the real property for less than the sale price. In reliance upon this information, buyers *anticipated* that their request for financing would be denied.

On October 14, 1993, brokers informed buyers of the availability for sale of other real property and prepared, on buyers' behalf, a contract for the purchase of that real property. Buyers purchased the other property in late October 1993, and on the same day, sellers filed this action against buyers, alleging breach of contract (as to the first property) and seeking costs and attorney fees. Sellers subsequently amended their complaint to include a claim against brokers for breach of fiduciary duty.

A bench trial was held in October 1995 after which the trial court orally ruled that buyers had breached their contract with sellers and that brokers had breached their fiduciary duty to sellers by, in essence, abandoning their efforts on behalf of sellers and transferring their loyalty to buyers.

In February 1996, the trial court held a hearing on sellers' costs. In March 1996, the court entered a written order reflecting its previous oral ruling. The court concluded that brokers and buyers were jointly and severally liable for actual damages in the amount of $14,437.13 and, pursuant to § 13–16–122, C.R.S.1997, costs in the amount of $969.75.

Following a hearing in April 1996, the court entered an amended judgment awarding attorney fees pursuant to the contract in favor of sellers in the amount of $22,500.

And, having reconsidered its previous award of costs, the trial court awarded sellers (in addition to the previous award of $969.75) their deposition costs in the amount of $1,541.55 and expert witness fees in the amount of $945. The order specified that brokers and buyers were jointly and severally liable for the award of attorney fees and costs.

This appeal by brokers followed.

## I

■ As a preliminary matter, we address sellers' contention that brokers' notice of appeal was not timely filed and that, thus, this court lacks jurisdiction to entertain brokers' appeal. We reject this contention.

■ The timely filing of a notice of appeal is mandatory and jurisdictional. *Concelman v. Ray,* 36 Colo.App. 181, 538 P.2d 1343 (1975) (decided under previous version of C.A.R. 4).

In March 1996, the trial court entered a final judgment with respect to all issues except the issue of "the amount and reasonableness of attorneys' fees" which was scheduled for hearing in late April 1996. Approximately two weeks prior to that hearing, in mid-April 1996, brokers filed a notice of appeal as to all issues except "the specific amount of attorneys' fees."

In May 1996, after the hearing on the issue of attorney fees, the court entered an amended judgment in which it awarded sellers attorney fees in the amount of $22,500. In June 1996, brokers filed with this court a successful motion, unopposed by sellers, for leave to amend the notice of appeal to include the issue of attorney fees. In its order granting brokers' motion, this court observed that brokers' amended notice of appeal was "timely filed."

Here, the issue of the award of sellers' attorney fees was not supplemental to the substance of the relief sought by sellers but rather constituted "part of the total relief sought" from brokers and buyers under the contract. *See Corinthian Hill Metropolitan District v. Keen,* 812 P.2d 721, 722 (Colo.App. 1991). The judgment related to the contract was not final until the claim for attorney fees

had been determined. Although brokers' April 1996 notice of appeal was, therefore, premature, their June 1996 amended notice of appeal was timely filed with respect to the trial court's May 1996 amended judgment. *See* C.A.R. 4 (notice of appeal must be filed within forty-five days of the date of entry of the judgment or order being appealed). We thus reject sellers' assertion that we are without jurisdiction to decide the merits of this appeal.

## II

■ Brokers contend that the trial court erred in determining that they were parties to the contract and therefore subject to the attorney fee provision of the contract. We agree.

The trial court determined that brokers were parties to the contract; however, it did not make an express finding that brokers had breached the contract. The trial court's award of attorney fees against brokers is nonetheless based on the attorney fee provision in the contract:

Anything to the contrary herein notwithstanding, in the event of any litigation or arbitration arising out of this contract, the court shall award to the prevailing party all reasonable costs and expense, including attorney fees.

■ A prevailing party in a dispute generally cannot recover attorney fees unless such award is specifically provided for by statute, rule, or contract. *Bunnett v. Smallwood,* 793 P.2d 157 (Colo.1990). And, provisions of a contract cannot be enforced against those who are not parties to the contract. *See Frontier Airlines, Inc. v. United Air Lines, Inc.,* 758 F.Supp. 1399 (D.Colo.1989).

We conclude that the determination in *Mitten v. Weston,* 44 Colo.App. 274, 615 P.2d 60 (1980), that a real estate agent is not a party to a contract for sale between a buyer and a seller, controls. The plain language of the contract at issue here does not contemplate brokers as parties, and therefore, the provision of the contract awarding attorney fees to a prevailing party is not applicable to brokers.

In its first paragraph, the contract here identified the parties to the contract as the buyers and the sellers. As noted above, the contract also specified that the brokers represented sellers and owed their allegiance solely to them. The trial court relied upon that provision in determining brokers were parties to the contract. However, we conclude that provision is merely the language mandated by statute and the Real Estate Commission requiring written disclosure to a buyer of a broker's agency relationship to the seller. *See* § 12–61–808, C.R.S.1997; Department of Regulatory Agencies Rule F–1, 4 Code Colo. Reg. 725–1.

A broker's fiduciary duties exist independently and irrespective of this contract. Brokers are not made parties to a contract simply by reciting language disclosing their agency relationship to sellers. *See,* § 12–61–808(2)(d)(II),C.R.S. 1997 (written disclosure of agency relationship of broker to seller, and buyer's acknowledgment thereof, does not, by itself, constitute a contract with the broker). And, the mere fact that brokers' agent signed that portion of the written document memorializing the commission agreement with the seller does not make brokers parties to the purchase and sale contract and, thus, subject to the attorney fee provision.

### III

■ Brokers next contend that the court failed, in violation of § 13–21–111.5(2), C.R.S. 1997, to make special findings "determining the percentage of negligence or fault attributable to each of the parties" and to enter its award of actual damages and costs in accordance therewith. We conclude that brokers' reliance upon § 13–21–111.5(2) is misplaced.

■ A statute must be read and considered as a whole to ascertain the legislative intent and to give consistent, harmonious, and sensible effect to all its parts. *Vail Associates, Inc. v. Board of Assessment Appeals,* 765 P.2d 593 (Colo.App.1988).

Brokers rely upon § 13–21–111.5(2) for the proposition that it was error for the trial court to award actual damages, and costs against brokers and buyers jointly and severally. We reject this assertion, however, because § 13–21–111.5(1), C.R.S.1997, limits the scope of § 13–21–111.5, C.R.S.1997, concerning pro rata liability of defendants to those actions "brought as a result of a death or an injury to person or property."

We conclude that, under this state of the record, § 13–21–111.5(2) is not applicable, and thus, the trial court's imposition of joint and several liability will not be disturbed.

### IV

We also reject brokers' assertion that the court erred in awarding deposition costs to sellers.

Based upon our review of the record as well as the authority cited by brokers in opposition to the award of costs, *Cherry Creek School District No. 5 v. Voelker,* 859 P.2d 805 (Colo.1993), we cannot say that the trial court's award of deposition costs constituted an abuse of its discretion. Therefore, the award will not be disturbed. *See Dewey v. Hardy,* 917 P.2d 305 (Colo.App.1995)(trial court's award of costs will not be overturned unless abuse of discretion is shown).

### V

Sellers have requested attorney fees on appeal pursuant to the attorney fee provision in the contract. Because we have determined that provision not applicable to brokers, we deny that request.

### VI

As an alternative theory of recover of attorney fees, the appellees had raised the Legitimate consequences Doctrine as expressed in *Stevens v. Moore and Co.,* 874 P.2d 495 (Colo.App. 1994). Because the trial court awarded attorney fees on the basis of the contract it never addressed this argument. We therefore remand to the trial court for it to consider this issue.

The award of actual damages and costs against brokers is affirmed. The award of attorney fees against brokers is reversed, and the cause is remanded to the trial court to modify its judgment in accordance with this opinion.

**508**

HUME, J., concurs.

TURSI,* J., concurs in part and dissents in part.

Judge TURSI concurring in part and dissenting in part.

I respectfully dissent in part from that part of the majority opinion reversing the award of attorney fees to plaintiff. Contrary to the holding of the majority, the rule in *Mitten v. Weston,* 44 Colo.App. 274, 615 P.2d 60 (1980) is inapposite to the undisputed dispositive facts underlying sellers' claim here. Nor is SECTION 12-61-808(2)(d)(11) C.R.S. applicable.

In *Mitten,* the plaintiffs were buyers not sellers. Under the contract in *Mitten,* the court held that though the brokers were parties with the sellers, the brokers had no contractual obligation to buyers and were not parties to the transfer of the land as described in the contract. I have no problem with the rule of *Mitten* as applied to the facts therein.

The contract in question here created dual privities, one between sellers and buyers and one between sellers and brokers. The privity under the contract between sellers and buyers is undisputed.

The privity under the contract between sellers and brokers is specifically created by Paragraph 24 which, upon execution by the "party" sellers and the "party" brokers, specifically confirms paragraph 19 of the contract brokers duties of trust, loyalty and confidence to seller only.

Here, it is undisputed that the broker violated his fiduciary duty to the sellers under the contract. And, distinct from the contract in *Mitten,* the contract here in the portion to be completed by seller and listing company specifically referenced the paragraph setting out the brokers' duties of trust, loyalty, and confidence to the sellers.

And again, in distinction to *Mitten,* the contract here contains a provision that: "*Anything to the contrary notwithstanding,* in the event of *any* litigation or arbitration

arising out of *this contract,* the court shall award to the prevailing party all reasonable costs and expense, including attorney fees." It cannot be denied that the litigation here arose out of this contract and that sellers were the prevailing parties.

Section 12-16-808(2)(d)(11) merely holds that disclosure of seller/broker does not constitute a contract between the broker and the buyer. Again confusion of the issues here by the majority is demonstrated. This is not a suit by the buyers. It is a suit by the sellers against the buyers and the brokers. And thus, in common legal parlance, when litigation arises out of a contract the entities are parties. Hence, anything to the contrary notwithstanding, the court properly awarded attorney fees to the prevailing party in this litigation. See Paragraph 16(c) of the contract.

Although brokers were not parties buying or selling the land in question, they were parties as agents of the sellers and were obligated to them under the contract. Thus, when sellers brought litigation against the brokers for a claim arising out of brokers breach of duty, the provision concerning attorney fees was implicated and sellers were by operation of law the prevailing party in this litigation. Party as used herein is a word or art.

Brokers have not appealed that portion of the judgment concerning the breach of their fiduciary duty to sellers. Rather, they would leave the full burden of the judgment for attorney fees on the buyers, their co-defendants, who proceeded under their guidance.

Hence, under the contract read in its entirety and giving all parts thereof meaning, I would hold that the trial court did not err in assessing attorney fees against the brokers. Therefore, since I concur in the other portions of the majority opinion, I would affirm the judgment in its entirety.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1996 Cum.Supp.).