**SMLL, L.L.C., a Colorado limited liability company, Plaintiff–Appellant,**

v.

**Richard P. DALY, an individual, Defendant–Appellee and Third–Party Plaintiff,**

**and**

**Peak National Bank, Defendant–Appellee and Third–Party Defendant.**

**No. 03CA1626.**

Colorado Court of Appeals, Div. IV.

June 16, 2005.

Certiorari Denied Feb. 13, 2006.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24-51-1105, C.R.S. 2004.

Fisher, Sweetbaum & Levin, P.C., Alan D. Sweetbaum, E. James Wilder, Heather M. Anderson, Denver, Colorado, for Plaintiff–Appellant.

Richard P. Daly, Pro Se.

Senter Goldfarb & Rice, L.L.C., Eric M. Ziporin, Denver, Colorado; Sloan, Listrom, Eisenbarth, Sloan, Stephen D. Lanterman, Alan V. Johnson, Topeka, Kansas, for Defendant–Appellee and Third–Party Defendant.

ROY, J.

Plaintiff, SMLL, L.L.C. (the developer), appeals from the trial court's order dismissing its suit against defendants, Richard P. Daly (the attorney), ESM Properties, L.L.C. (the contactor), and Peak National Bank (the bank), and from the trial court's additional order granting summary judgment for the bank. We dismiss the appeal with prejudice for lack of jurisdiction.

The case arises from a dispute relating to the development of townhomes. According to the developer, the contactor embezzled over $400,000 from construction loan funds earmarked for the project, and the attorney aided the contactor in concealing the embezzlement.

The developer filed an action against the contactor in November 1998, seeking a full accounting of the lost construction funds and requesting damages arising from the contactor's alleged breach of contract, misrepresentation, and misappropriation of funds. On June 4, 1999, the developer filed a motion for leave to file an amended complaint to include civil theft and conversion claims against the contractor, civil theft and negligence claims against the attorney, and a negligence claim against the bank for its alleged mismanagement of construction loan funds it disbursed to the contactor. On September 27, 1999, the developer requested leave to file a second amended complaint to more specifically allege its claims against the attorney, and that motion was granted November 2, 1999.

On August 19, 2002, the morning of the first day of the scheduled trial, the attorney moved to dismiss the developer's complaint on the basis that the developer had been suspended as a limited liability company by the Secretary of State in February 2001 for failure to file its annual report and therefore lacked the legal capacity to bring a lawsuit in the state courts. The trial court granted the motion without prejudice, but did not reduce the dismissal to a written order.

Later the same day, the developer filed a motion for reconsideration of the dismissal without prejudice, which the trial court denied in a written order on October 21, 2002. The developer then filed a second motion for reconsideration on October 25, 2002, which the trial court denied in a written order on December 5, 2002.

On July 7, 2003, after several motions from all parties, the trial court in a written order granted the joint motion of the bank and the attorney for a decree that the August 19, 2002 dismissal was a final judgment. The notice of appeal was filed within forty-five days of that order.

We conclude that the notice of appeal was untimely: the August 19, 2002 dismissal was effectively with prejudice; the dismissal became a final judgment when the court entered a written order on October 21, 2002; the developer's post-trial motions tolled the time for filing the appeal until January 20, 2003, or February 18, 2003 at the latest; and the August 2003 notice of appeal was too late.

A.

■ While normally an order of dismissal without prejudice is not a final judgment, it will constitute a final judgment when, as here, the applicable limitations period has expired. *Golden Lodge No. 13, I.O.O.F. v. Easley,* 916 P.2d 666 (Colo.App.1996); *Wyl-*

er/Pebble Creek Ranch v. Colo. Bd. of Assessment Appeals, 883 P.2d 597 (Colo.App.1994).

The developer's claims for breach of contract, misrepresentation, and deceit are governed by a three-year statute of limitations. Section 13–80–101(1)(a), (c), C.R.S.2004. Its claims for negligence are subject to a two-year limitations period. Section 13–80–102(1)(a), C.R.S.2004.

Under § 13–80–108(1), C.R.S.2004, a cause of action for injury to person, property, reputation, possession, relationship, or status accrues "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." Similarly, a cause of action for fraud, misrepresentation, concealment, or deceit accrues "on the date such fraud, misrepresentation, concealment, or deceit is discovered or should have been discovered by the exercise of reasonable diligence." Section 13–80–108(3), C.R.S.2004. Finally, a cause of action for breach of any express or implied contract, agreement, warranty, or trust accrues "on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence." Section 13–80–108(6), C.R.S.2004.

■ Here, the developer filed a motion for leave to amend its complaint to add the attorney and the bank as defendants on June 4, 1999. Thus, at the latest, on that date the developer knew of the basis for its causes of action against the bank and the attorney, its claims accrued, and the two and three-year limitations periods began to run.

Therefore, when the trial court dismissed the developer's complaint without prejudice on August 19, 2002, the limitations periods had expired on all the developer's claims, and the dismissal had the finality of a judgment.

### B.

■ However, because the August 19, 2002 order was not reduced to writing, it did not comply with the requirements of C.R.C.P. 58(a) and was not a final judgment for purposes of appeal.

■ C.R.C.P. 58(a) provides in pertinent part, "[U]pon a decision by the court, the court shall promptly prepare, date, and sign a written judgment .... The effective date of entry of judgment shall be the actual date of the signing of the written judgment." It is well settled that "for there to be a final judgment there must be a written order, dated and signed by the trial court." In re Marriage of Hoffner, 778 P.2d 702, 703 (Colo. App.1989).

■ The developer filed a motion for reconsideration of the dismissal without prejudice on the same day of the dismissal, August 19, 2002. That motion was denied by the trial court in a written order signed and dated by the court on October 21, 2002. Because the order of October 21, 2002, complied with C.R.C.P. 58(a), and, in our view, left nothing more for the court to do in order to completely determine the rights of the parties involved in the proceeding, we conclude that it constituted a final judgment. See Harding Glass Co. v. Jones, 640 P.2d 1123 (Colo.1982).

### C.

■ The developer filed another motion for reconsideration on October 25, 2002. Although not captioned specifically as a motion for relief under C.R.C.P. 59, it was timely filed under that rule as to the October 21, 2002 order, and we construe it as such. See Small v. Gen. Motors Corp., 694 P.2d 374 (Colo.App.1984). Accordingly, that motion tolled the limitations period for filing an appeal until it was denied by the trial court in a written order on December 5, 2002. See C.A.R. 4(a); In re Marriage of Buck, 60 P.3d 788 (Colo.App.2002). Thus, the developer's notice of appeal was due forty-five days after the denial. Therefore, the final day for filing a notice of appeal was January 20, 2003. The notice of appeal was filed August 21, 2003.

Because the appeal was not timely filed, and because we are limited to granting only an extra thirty days for the filing of an appeal upon a showing of excusable neglect, see C.A.R. 4(a), which extension would have expired on February 18, 2003, this appeal is not properly before this court. Accordingly, we must dismiss the developer's appeal with prejudice for lack of jurisdiction.

### D.

■ Neither the joint motion filed by the attorney and the bank for an order that the August 19, 2002 dismissal was a final judgment, nor the trial court's order granting that motion on July 7, 2003, extended the time for filing a notice of appeal.

■ The trial court cannot extend the time for filing a notice of appeal by reentering a judgment. *See People v. Allen,* 182 Colo. 395, 513 P.2d 1060 (1973)(trial court did not have authority or jurisdiction to extend defendant's time for filing notice of appeal beyond sixty days after judgment was entered and thus, appeal was untimely); *In re Marriage of Buck, supra* (trial court's order granting wife's motion to correct mistake in judgment under C.R.C.P. 60(a) did not extend husband's time for filing appeal in dissolution of marriage action); *1629 Joint Venture v. Dahlquist,* 820 P.2d 1141 (Colo.App.1991)(trial court's act of considering defendant's post-trial motion under C.R.C.P. 59 beyond the fifteen-day limit for filing such a motion did not allow a greater time to file and did not cure untimeliness of defendant's appeal).

■ Further, the actions of the parties to a suit are immaterial to the determination of whether a court's order constitutes a final judgment for purposes of appeal. *See Concelman v. Ray,* 36 Colo.App. 181, 538 P.2d 1343 (1975)(timely filing notice of appeal is mandatory and jurisdictional, and parties may not by independent actions amend this jurisdictional requirement).

Accordingly, the appeal is dismissed.

Judge WEBB and Judge GRAHAM concur.