**GOLDEN LODGE NO. 13, I.O.O.F. and Golden Links Junior Lodge No. 7, I.O.O.F., Plaintiffs–Appellants,**

v.

**Michael EASLEY, Individually, and as Grand Master of the Grand Lodge, I.O.O.F., and Robert Robbins, Individually, and as Deputy Grand Master, Defendants–Appellees.**

No. 94CA1625.

Colorado Court of Appeals, Div. II.

March 21, 1996.

As Modified on Denial of Rehearing July 18, 1996.

Robinson & Robinson, P.C., William F. Robinson, III, Denver, for Plaintiffs–Appellants.

Montgomery, Little & McGrew, P.C., Kevin J. Kuhn, John R. Riley, Englewood, for Defendants–Appellees.

Opinion by Judge CRISWELL.

Plaintiffs, Golden Lodge No. 13, I.O.O.F., and Golden Three Links Junior Lodge No. 7, I.O.O.F., appeal from the district court's judgment dismissing, without prejudice, their complaint against defendants, Michael Easley and Robert Robbins, Grand Master and Deputy Grand Master, respectively, of the Grand Lodge of Colorado, I.O.O.F., because of the failure of plaintiffs to exhaust their

internal remedies provided by the laws and regulations of the organization of which both plaintiffs and the Grand Lodge of Colorado are subordinate bodies. Because we conclude that such dismissal is not a final judgment and is not a ruling that we have jurisdiction to review, we dismiss the appeal.

The Independent Order of Odd Fellows (I.O.O.F.) is an international philanthropic fraternal organization. I.O.O.F. consists of the Sovereign Grand Lodge, the supreme governing body of the Order; grand lodges, like the Grand Lodge of Colorado, which are chartered by the Sovereign Grand Lodge and which preside over and govern local lodges in a particular geographic area; and local lodges, like plaintiff Golden Lodge, which are chartered by their respective grand lodge.

Grand Lodge of Colorado is the supreme governing body of the organization within Colorado. Easley, as Grand Master of the Grand Lodge of Colorado, was the highest ranking I.O.O.F. official in the state. The Grand Lodge of Colorado's functions include requiring compliance with all of its and of the Sovereign Lodge's laws by its subordinate lodges.

According to Golden Lodge's complaint, in January 1993, Easley, alleging that Golden Lodge and its members had violated various rules and regulations of the I.O.O.F., suspended Golden Lodge's charter and took over its assets, which included a lodge building in downtown Golden, Colorado. Easley provided Golden Lodge with a list of the charges against it and met with its officers who requested that he reconsider his decision; he refused. The locks were then changed on Golden Lodge's building, the downstairs tenant in the building was directed to pay rent to the Grand Lodge of Colorado, rather than to Golden Lodge, and Golden Lodge's bank account was seized. In March 1993, Easley notified the members of Golden Lodge that its charter had been revoked.

Thereafter, Golden Lodge commenced this action against Easley seeking, among other things, a judgment for possession of the building. Golden Lodge eventually amended its complaint to include numerous claims of relief, all arising from the charter suspension and asset seizure, seeking injunctive and de-claratory relief, as well as money damages; it also sought to add Robbins as a defendant.

Defendants moved to dismiss Golden Lodge's complaint for lack of subject matter jurisdiction because of Golden Lodge's failure to exhaust the I.O.O.F. internal remedies. In support of their motion, defendants submitted copies of certain laws and regulations of the Sovereign Lodge and of the Grand Lodge of Colorado and Easley's affidavit in which he averred that those laws and regulations provide a method to appeal decisions and actions of the Grand Master ultimately to the Sovereign Lodge, but that Golden Lodge had failed to institute any such appeal. Based on such showing, Golden Lodge's complaint was dismissed, without prejudice.

■ Before us, defendants assert that the trial court's judgment of dismissal is not one over which we have appellate jurisdiction under § 13–4–102(1), C.R.S. (1987 Repl.Vol. 6A). We agree.

■ The dismissal of a complaint without prejudice is generally not appealable unless such dismissal prohibits further proceedings, such as when the applicable statute of limitations would prevent the reinstitution of suit. *B.C. Investment Co. v. Throm*, 650 P.2d 1333 (Colo.App.1982).

■ Here, however, counsel for defendants has agreed before us that Golden Lodge will not be prohibited by any time limitation from filing and pursuing any internal appeal contesting the actions of the Grand Lodge of Colorado. Hence, the dismissal here is similar to an order directing arbitration, which is not appealable until the arbitration proceeding has been completed. *Frontier Materials, Inc. v. City of Boulder*, 663 P.2d 1065 (Colo.App.1983).

We conclude, therefore, that we lack jurisdiction to entertain plaintiffs' appeal and that it must be dismissed.

Appeal dismissed.

HUME and JONES, JJ., concur.