The PEOPLE of the State of Colorado, Petitioner–Appellee,

In the Interest of M.W., a Child,

and Concerning M.W., Respondent–Appellant.

No. 05CA0364.

Colorado Court of Appeals, Div. I.

April 6, 2006.

232

Bruce T. Barker, County Attorney, R. Leeann Reigrut, Assistant County Attorney, Greeley, Colorado, for Petitioner–Appellee.

Gladys L. Sexton, Greeley, Colorado, for Respondent–Appellant.

MÁRQUEZ, J.

M.W. (mother) appeals from a judgment entered upon a jury verdict adjudicating her child, M.W., dependent or neglected. We dismiss the appeal in part and affirm the judgment.

According to mother, when the child was born on September 14, 2004, hospital personnel, without court order, would not allow her to hold the child. However, she was allowed to hold the child later under supervision of hospital staff.

At the time of the child's birth, a dependency and neglect proceeding was pending concerning mother's other children, which was filed after mother had failed to seek medical attention for one of the children who had been severely injured by the child's father. Having concerns that mother, who had made little progress under her treatment plan and had continued a relationship with father, might leave the state with the newborn child, the department of social services sought an ex parte order for temporary protective custody pursuant to § 19–3–405(1), (2)(a), C.R.S.2005.

Finding that the home environment posed an imminent risk to the child's health or welfare, the trial court granted the department's request. See §§ 19–3–401(1)(a), (3)(b), 19–3–405(2)(a), C.R.S.2005. The court also ordered that mother have a minimum of four supervised visits per week. Finally, the court determined that the pending petition in dependency or neglect relating to mother's other children could be amended to include the newborn child.

Two days later, a magistrate conducted a temporary custody hearing to determine whether the protective custody order should be continued. See § 19–3–403(3.5), C.R.S. 2005. At the beginning of the hearing, the magistrate refused to order the filing of a new petition in dependency or neglect because of the prior trial court order and then indicated that he had only five minutes in which to hear the matter. Thereafter, the department asked that the protective custody order be continued for the same reasons presented at the ex parte hearing before the trial court. Mother's counsel called the caseworker as a witness, made an offer of proof as to mother's living situation and her ability to provide proper care, and asked the magistrate to take judicial notice of father's incarceration. See § 19–3–403(3.6)(a)(II), C.R.S. 2005.

After brief argument focusing primarily on the court's jurisdiction to continue under the previously filed petition regarding mother's other children, the magistrate continued the temporary protective custody order. The magistrate also continued the visitation order and denied the department's request to file a new petition in dependency or neglect.

On October 7, 2004, during a review hearing before the trial court, mother, through counsel, asked that the child be dismissed from the pending dependency or neglect proceeding and that a new petition be filed. The department and the guardian ad litem (GAL) concurred. The trial court granted the parties' request and then proceeded to conduct the hearing as a temporary custody hearing. The parties made offers of proof, and the department asked the trial court to take judicial notice of the pending proceeding regarding the other children. Finding that

the department had made reasonable efforts to eliminate the need for out-of-home placement, the trial court ordered that temporary custody of the child be vested in the department and that mother have a minimum of four supervised visits per week.

A new petition in dependency or neglect was filed on October 13, 2004, and mother requested that the adjudication be tried to a jury. In January 2005, after a three-day trial, the jury returned special verdicts finding that the child lacked proper parental care through the acts or omissions of mother and that the child's environment was injurious to her welfare, and a decree of dependency or neglect was entered.

## I.

We dismiss mother's appeal insofar as it seeks reversal of the adjudicatory decree on the basis of alleged procedural irregularities and errors in the temporary protective custody proceedings and orders.

Although we have some concerns with the procedures employed here, orders entered during the temporary protective or shelter stage of a dependency and neglect proceeding are temporary in nature and do not affect the parent's right to permanent legal custody of a child. *See W.H. v. Juvenile Court*, 735 P.2d 191, 193 (Colo.1987)(quoting *S.L. v. Dist. Court*, 676 P.2d 12, 16 (Colo.1984): "The shelter or detention hearing is a pre-adjudicatory procedure which 'arises from exigencies requiring *temporary emergency measures* designed *to protect the welfare of the child* pending further judicial proceedings.'"). Thus, temporary protective custody orders, like other temporary orders, are interim orders pending a final factual determination of the allegations set forth in the petition in dependency or neglect.

Such temporary custody orders are not subject to appeal, and review must be taken pursuant to C.A.R. 21. *See W.H. v. Juvenile Court, supra* (temporary custody proceeding reviewed pursuant to C.A.R. 21); *In re Marriage of Henne*, 620 P.2d 62 (Colo.App.1980)(holding that review of temporary custody orders in dissolution of marriage proceedings must be taken pursuant to C.A.R. 21); *see also People in Interest of A.W.R.*, 17 P.3d 192, 199 (Colo.App.2000) ("Interlocutory orders that arise from review hearings and address the physical custody of a child but do not affect the right to legal custody are not subject to appellate review."); *People in Interest of P.L.B.*, 743 P.2d 980 (Colo.App.1987)(modification of order for out-of-home placement is interlocutory and not appealable); *O'Connell v. Colo. State Bank*, 633 P.2d 511, 513 (Colo.App.1981)(quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2962, at 618 (1973): "The rationale behind the nonappealability of [temporary restraining] orders is that they are of 'short duration and terminate with the ruling of the preliminary injunction so that an immediate appeal is not necessary to protect the rights of the parties.'"). *See generally* § 19–1–109(2)(b)–(c), C.R.S.2005.

## II.

Mother contends that the trial court erred in refusing to allow her expert witness to testify during the adjudicatory trial. We perceive no error.

A trial court may admit expert testimony if it will assist the trier of fact to understand the evidence or to determine a fact in issue. CRE 702. In making this determination, a court must also find that the expert's proposed testimony is relevant under CRE 402 and not unfairly prejudicial under CRE 403. *Tatum v. Basin Res., Inc.*, 141 P.3d 863, 2005 WL 3071564 (Colo.App. No. 03CA0750, Nov. 17, 2005). Expert testimony may be excluded if its probative value is outweighed by the danger of confusing the issues or misleading the jury. CRE 403; *Colwell v. Mentzer Invs., Inc.*, 973 P.2d 631 (Colo.App.1998).

The decision to admit expert testimony lies within the discretion of the trial court and will not be disturbed on review absent an abuse of discretion. *People v. Lafferty*, 9 P.3d 1132 (Colo.App.1999).

Here, mother sought to introduce expert testimony concerning Battered Women's Syndrome (syndrome) for the purpose of ex-

plaining to the jury why battered women stay with men who beat them. The department and the GAL objected because the expert witness had not been timely endorsed, the endorsement did not adequately summarize his testimony, and the expert had not met with mother or diagnosed her with the syndrome. The trial court excluded the expert's testimony, finding (1) that the endorsement was late; (2) that the testimony would likely confuse the issues because the expert could not testify that mother actually suffered from the syndrome; and (3) that the department and the GAL were unable to secure an independent evaluation of mother to counter the expert's testimony.

The issue before the jury here was whether the child was dependent or neglected. Specifically, the jury was asked to determine whether the child lacked proper parental care through the acts or omissions of mother or whether the child's environment was injurious to her welfare. While mother's relationship with father was relevant to these issues, testimony as to the reasons why she may have continued the relationship after he had severely injured another child would not have helped resolve them. *See People in Interest of P.D.S.*, 669 P.2d 627 (Colo.App. 1983) (holding that an adjudication of dependency or neglect is not made "as to" the parent, but relates only to the status of the child). Instead, as determined by the trial court, such testimony would likely have misled the jury and confused the issues.

Therefore, we perceive no abuse of discretion in the trial court's exclusion of testimony by mother's expert witness.

The appeal is dismissed as to the temporary orders, and the judgment is affirmed.

Judge DAILEY and Judge ROMÁN concur.