The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
June 11, 2020

**2020COA95**

**No. 19CA1277, *People in Interest of* S.C. — Family Law —
Uniform Interstate Family Support Act — Special Rules of
Evidence and Procedure — Deposition or Testimony by
Telephone, Audiovisual, or Other Electronic Means**

A majority of a division of the court of appeals concludes that
the magistrate in a paternity action was not authorized to "close"
the case based on mother's refusal to testify in person. Rather,
section 14-5-316, C.R.S. 2019, required the magistrate to accept
mother's testimony by telephone or other electronic means,
regardless of whether she had outstanding warrants in Colorado.

The dissent would dismiss the appeal on the ground that there
was no final, appealable judgment or order conferring appellate
jurisdiction.

COLORADO COURT OF APPEALS                        **2020COA95**

Court of Appeals No. 19CA1277
El Paso County District Court No. 18JV514
Honorable Jill M. Brady, Judge

The People of the State of Colorado and El Paso Child Support Services,

Appellants,

In the Interest of S.C., a Child,

and Concerning R.D.C. III,

Appellee.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division A
Opinion by JUDGE BERGER
Pawar, J., concurs
Bernard, C.J., dissents

Announced June 11, 2020

Young Williams, P.C., Christina K. Eigel, Colorado Springs, Colorado, for
Appellants

No Appearance for Appellee

¶ 1     At the request of the State of Missouri, El Paso Child Support Services (CSS) filed the underlying paternity and support action, seeking a determination that respondent R.D.C. III is the biological father of S.C. (the child) and, if so, the entry of appropriate support orders.

¶ 2     The mother of the child, S.N., who apparently resides in Missouri, declined to testify in person because of outstanding arrest warrants in Colorado.  She offered to testify by telephone, but that offer was refused by the magistrate on the sole ground that she had outstanding arrest warrants.  The magistrate cited no legal authority, either statutory or case law, supporting this ruling.

¶ 3     The magistrate found that mother's testimony was necessary to proceed with the paternity action and "closed" the case "until [mother] appears in Colorado in person, or otherwise arranges for the satisfaction of the [outstanding] warrants."  On district court review, the district court affirmed the magistrate's rejection of telephone testimony and the order "closing" the case, again on the sole ground that mother had outstanding Colorado arrest warrants.

¶ 4     CSS appealed the district court's order affirming the magistrate's order, and this court issued a show cause order

directing CSS to explain why the appeal should not be dismissed for lack of a final, appealable judgment or order. A motions division of this court, with one judge dissenting, held that the district court's order was, under these unusual circumstances, a final, appealable order. The division discharged the order to show cause and directed the appeal to proceed. CSS filed its opening brief, but no other party has filed a brief or entered an appearance in this court.

## I. This Court Has Jurisdiction Over this Appeal

¶ 5 Preliminarily, we address the same question addressed by the motions division: Does this court have appellate jurisdiction? Because the district court's order effectively terminated the paternity proceeding and, therefore, constituted a final, appealable order, we conclude that we do.

¶ 6 Our jurisdiction is limited to review of final, appealable judgments or orders. § 13-4-102(1), C.R.S. 2019; C.A.R. 1(a); *Marks v. Gessler*, 2013 COA 115, ¶ 15. "An order is final if it ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." *Marks*, ¶ 15. A final, appealable order is one that prevents further proceedings or

effectively terminates the proceedings. *Id.*; *People v. Thomas*, 116 P.3d 1284, 1285 (Colo. App. 2005). "In determining whether an order is final, we look to the legal effect of the order rather than its form." *Marks*, ¶ 15 (citation omitted).

¶ 7    Because the Colorado Rules of Civil Procedure do not authorize the indefinite "closing" of a case, we must determine the legal nature of the "closing" order. The closest rules-based analogue is a dismissal without prejudice because, while the order did not preclude a later ruling that R.C. was the father, it foreclosed that possibility under the circumstances in existence at the time.

¶ 8    Ordinarily, a dismissal without prejudice is not a final, appealable order. *Scott v. Scott*, 2018 COA 25, ¶ 11. However, when "the circumstances of the case indicate that the action cannot be saved and that the district court's order precludes further proceedings, dismissal without prejudice qualifies as a final judgment for the purposes of appeal." *Avicanna Inc. v. Mewhinney*, 2019 COA 129, ¶ 1 n.1. A "long line of Colorado cases" supports this exception. *DIA Brewing Co. v. MCE-DIA, LLC*, 2020 COA 21, ¶ 31.

¶ 9 One "common situation where a complaint 'cannot be saved' occurs when further proceedings would be barred by a statute of limitations." *Id.* at ¶ 32; *see also, e.g., SMLL, L.L.C. v. Daly*, 128 P.3d 266, 268-69 (Colo. App. 2005). In these cases, a dismissal without prejudice constitutes a final, appealable order, vesting this court with appellate jurisdiction.[1] *Pham v. State Farm Mut. Auto. Ins. Co.*, 70 P.3d 567, 571 (Colo. App. 2003).

¶ 10 The district's court order here, while different in form, has the same effect. Though it leaves open the possibility that the case would be reopened if mother returns to Colorado to testify or satisfies the warrants, that possibility is totally speculative. So far as this record demonstrates, mother will *never* appear to testify in person or satisfy the outstanding warrants. Thus, by refusing to allow the child's mother to testify by telephone (or any other means other than in-person testimony), the court prevented, certainly

---

[1] The statute of limitations is not a legal barrier against the filing of a barred action; the statute of limitations is an affirmative defense that may be waived, so a time-barred action may be filed subject to the affirmative defense of the statute of limitations. *Zertuche v. Montgomery Ward & Co.*, 706 P.2d 424, 426 (Colo. App. 1985).

indefinitely and maybe permanently, an adjudication that is mandated by law.

¶ 11     In addition, the fact that the order deprives the litigants of statutorily protected rights (irrespective of whether the orders entered by the magistrate and the district court were legally erroneous) bears on the jurisdictional inquiry.  The state has an obvious interest in determining paternity so that a biological father can be required to support his child.  *Kulko v. Superior Court*, 436 U.S. 84, 92 (1978); *In re Marriage of Malwitz*, 99 P.3d 56, 63 (Colo. 2004).  The child has an independent interest in receiving the support required by law.  *Abrams v. Connolly*, 781 P.2d 651, 656 (Colo. 1989).  The district court's order thwarts these interests.

¶ 12     Finally, we reject the dissent's suggestion that the availability of an original proceeding under C.A.R. 21 is an adequate alternative to an appeal.  No party has the right to an extraordinary writ under C.A.R. 21; the issuance of such a writ is entirely committed to the discretion of the Colorado Supreme Court.  C.A.R. 21(a). Accordingly, the availability of C.A.R. 21 relief is not an adequate substitute for the statutory right to appeal.

¶ 13    Accordingly, based on the practical effect of the district court's order, it is a final, appealable order.

## II.    There Was No Legal Basis to Refuse Remote Testimony

¶ 14    The controlling statute did not authorize either the magistrate or the district court to refuse telephone testimony by mother. Section 14-5-316(a), (f), C.R.S. 2019, states:

> (a) The physical presence of a nonresident party who is an individual in a tribunal of this state is not required for the establishment, enforcement, or modification of a support order or the rendition of a judgment determining parentage of a child.
>
> . . . .
>
> (f) In a proceeding under this article, a tribunal of this state shall permit a party or witness residing outside this state to be deposed or to testify under penalty of perjury by telephone, audiovisual means, or other electronic means at a designated tribunal or other location.  A tribunal of this state shall cooperate with other tribunals in designating an appropriate location for the deposition or testimony.

¶ 15    Simply put, there is no legal authority prohibiting telephone testimony by mother based on her refusal to appear in person.  This is true whether the reason for her refusal to appear in person was based on the existence of outstanding arrest warrants or otherwise.

¶ 16    Neither the district court nor the magistrate cited any authority supporting the order prohibiting telephone testimony, and we have found none.  To the contrary, the statute is clear on its face and required the court to accept remote testimony under section 14-5-316(f).

¶ 17    We recognize that C.R.C.P. 43(i) establishes the procedures for and ordinarily grants discretion to trial courts with respect to the acceptance of absentee testimony.  The court usually must determine if the interests of justice require the acceptance of absentee testimony.  C.R.C.P. 43(i)(3).  We need not do so here.  In this paternity action, the court's usual discretion to reject absentee testimony is plainly displaced by section 14-5-316(a) and (f).

¶ 18    That statutory displacement is entirely understandable.  This is a paternity action brought by a unit of the state, at the request of a sister state, to determine paternity, and if paternity is established, to order child support.  As noted above, states have an obvious and substantial interest in requiring parents to support their children.  *Kulko*, 436 U.S. at 92; *Malwitz*, 99 P.3d at 63.  These reasons include governmental fiscal policy; if a parent is required to support his child, the level of support by the government may be reduced or

even eliminated. *People in Interest of S.P.B.*, 651 P.2d 1213, 1217 (Colo. 1982). Moreover, the child whose paternity is in question also has a legal right to support from his or her biological parents. *Abrams*, 781 P.2d at 656.

## III. Conclusion

¶ 19      The district court's order affirming the closure of the case is reversed. The case is remanded to the district court with instructions that telephone testimony by the mother is to be permitted and for further proceedings consistent with the paternity statute and this opinion.

JUDGE PAWAR concurs.

CHIEF JUDGE BERNARD dissents.

CHIEF JUDGE BERNARD, dissenting.

¶ 20　　I respectfully dissent because I do not think that we have jurisdiction to hear this appeal.

¶ 21　　First, "[t]he dismissal of a complaint without prejudice is generally not appealable unless such dismissal prohibits further proceedings, such as when the applicable statute of limitations would prevent the reinstitution of the suit." *Golden Lodge No. 13, I.O.O.F. v. Easley*, 916 P.2d 666, 667 (Colo. App. 1996); *see Farmers Union Mut. Ins. Co. v. Bodell*, 197 P.3d 913, 916 (Mont. 2008) (An order dismissing a complaint without prejudice is not an appealable order unless special circumstances exist, such as "the running of a statute of limitations, language in the order of dismissal indicating that the complainant will not be permitted to re-plead, or where the practical effect of the order of dismissal terminates the litigation in the complainant's chosen forum.").

¶ 22　　Relying on this authority, I conclude that the order closing the case does not "prohibit[] further proceedings." *Golden Lodge No. 13, I.O.O.F.*, 916 P.2d at 667. Indeed, the order sets out clear conditions for reopening the case: mother can appear in Colorado or satisfy the pending arrest warrants. I therefore think that we do

not have jurisdiction over this appeal because the order closing the case is not final.

¶ 23    Second, I think that C.A.R. 21 provides an adequate remedy. There is ample authority indicating that C.A.R. 21 is the proper vehicle for seeking review of orders, such as this one, that are not final. *See People in Interest of A.E.L.*, 181 P.3d 1186, 1191 (Colo. App. 2008) ("Because [interim orders in a dependency and neglect case] are not final orders subject to appeal, review of such orders may only be sought pursuant to C.A.R. 21."); *People in Interest of M.W.*, 140 P.3d 231, 233 (Colo. App. 2006) (concluding that, because "temporary custody orders are not subject to appeal, . . . review must be taken pursuant to C.A.R. 21").

¶ 24    And "C.A.R. 21 authorizes [the supreme court] to review a trial court's order if a remedy on appeal would not be adequate." *Willhite v. Rodriguez-Cera*, 2012 CO 29, ¶ 8. We cannot craft an adequate remedy in this appeal because the order is not final. *See id.* ("An order quashing service is not a final order that is immediately appealable," so C.A.R. 21 was the proper vehicle to review the order.).