23CA1113 Peo v Jamison 10-24-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1113
Saguache County District Court No. 20CR44
Honorable Amanda C. Hopkins, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jayson Andrew Corbin Jamison,

Defendant-Appellant.

ORDER VACATED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE WELLING
Brown and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 24, 2024

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Jeffrey C. Parsons, Alternate Defense Counsel, Broomfield, Colorado, for
Defendant-Appellant

¶ 1    Defendant, Jayson Andrew Corbin Jamison, appeals the trial court's order imposing restitution. We vacate the order and remand for further proceedings.

## I.    Background

¶ 2    Jamison was charged as a complicitor with two counts of second degree burglary, three counts of theft, first degree criminal trespass, forgery, criminal impersonation, and possession of a weapon by a previous offender. In August 2020, while the case was still pending, the prosecution filed a motion for Jamison and his codefendant to be held jointly and severally liable for $170,932 in restitution to two victims. In October 2020, Jamison objected to this restitution request and asked for a hearing.

¶ 3    In May 2021, Jamison agreed to plead guilty to misdemeanor theft in exchange for the dismissal of the remaining charges, and a sentencing hearing was scheduled for July 20, 2021. Jamison didn't report for his presentence interview with probation and appeared virtually at his sentencing hearing via Webex. The record reflects that Jamison said that he had missed the interviews and didn't appear in person at sentencing because he had COVID. Based on this representation, the court ordered that Jamison

1

provide evidence of his COVID diagnosis by a court-imposed deadline. He didn't respond well to this request. Based on his inappropriate reaction to the court's request for him to corroborate his COVID diagnosis, the court held Jamison in direct contempt and issued a warrant for his arrest. It appears that Jamison thereafter absconded.

¶ 4     A restitution hearing for Jamison and his codefendant was scheduled for October 22, 2021. The trial court explained that, after Jamison's codefendant stipulated to the requested restitution, the court vacated the October 22 hearing. The court acknowledged that it shouldn't have cancelled the hearing in order to address Jamison's unresolved restitution objection but explained that it "was not thinking . . . clearly" due to a recent incident. The court said that "[i]n an email conversation with counsel, [it] indicated that [it] would give the prosecution an opportunity to respond to Mr. Jamison's objection and, thereafter, issue an order." Accordingly, the court ordered the prosecution to submit a written response to Jamison's objection and information supporting its restitution request. The court also ordered Jamison to submit a reply and any information supporting his objection. The court stated that it

would then "review what information [it] ha[d] and determine an amount of restitution."

¶ 5    On November 8, 2021, Jamison's counsel filed an objection to the restitution that supplemented his prior objection and reasserted his request for a hearing. The record doesn't contain a response from the prosecution to the court's October 26 order.

¶ 6    On November 30, 2021, the trial court issued a written order addressing restitution. The court acknowledged that "[d]espite having provided the parties with an opportunity to do so, [it] ha[d] received woefully little evidence regarding restitution in these matters" and that "[t]he only factual basis for the allegations against [Jamison and his codefendant] was contained in the affidavits in support of warrantless arrest for each and by what was gleaned in statements made by both during their plea colloquies."

¶ 7    The trial court ruled that "[a]fter a review of what evidence [it] ha[d], . . . there [wa]s a preponderance of the evidence to believe that Jayson Jamison was a proximate cause of the [the victims'] losses and that values given for most of those losses [we]re appropriate." Specifically, the court determined that the evidence was sufficient to support an award of $100,330 in restitution to the

victims. But the court found that two restitution requests totaling $70,602 weren't sufficiently supported and that "more specific information w[as] need[ed] . . . regarding . . . these [amounts] before [it] w[ould] order them as a part of restitution." Thus, the court granted the prosecution until January 2022 to submit information in support of two restitution requests and ordered Jamison to file a response within fourteen days after the information was received.

¶ 8 The record doesn't contain a response from the prosecution to the court's November 30 order. In January 2022, the trial court granted defense counsel's motion to withdraw due to Jamison's failure to engage in this case and communicate with counsel.

¶ 9 Jamison was arrested in November 2022 and was reappointed counsel. On February 17, 2023, Jamison filed a motion to reconsider the November 30 restitution order because it was entered without a hearing. He again requested a restitution hearing. At a February 21, 2023, hearing, the trial court sentenced Jamison to 180 days in jail on the theft conviction. Also at that hearing, the court granted the prosecution additional time to respond to Jamison's motion to reconsider the restitution order. The record doesn't reflect any response from the prosecution.

¶ 10    On May 15, 2023, the trial court issued an order denying Jamison's motion to reconsider the restitution order. Jamison appeals.

## II.    Jurisdiction

¶ 11    The People argue that we lack jurisdiction to hear this appeal because Jamison didn't file a notice of appeal from the November 30 restitution order within forty-nine days of the entry of that order. We aren't persuaded.

¶ 12    A defendant is required to file a notice of appeal within forty-nine days after entry of *final* judgments or orders. C.A.R. 4(b)(1); *People v. Curren*, 228 P.3d 253, 257 (Colo. App. 2009); *see also People v. Baker*, 104 P.3d 893, 895 (Colo. 2005) ("Unless notice of appeal is timely filed, the court of appeals lacks jurisdiction to hear the appeal."). "A final appealable order is one that effectively terminates the proceedings in the court below and is a jurisdictional prerequisite to appellate review." *People v. Thomas*, 116 P.3d 1284, 1285 (Colo. App. 2005); *see also People Interest of S.C.*, 2020 COA 95, ¶ 6 ("A final, appealable order is one that prevents further proceedings or effectively terminates the proceedings.").

¶ 13    An order of restitution is only one component of a judgment of conviction.  *See* § 18-1.3-603(1), C.R.S. 2024; Crim. P. 32(b)(3)(I); *People v. Weeks*, 2021 CO 75, ¶¶ 8, 46; *Meza v. People*, 2018 CO 23, ¶¶ 10, 14 (The entry of one of the four statutorily enumerated orders of restitution "satisf[ies] the restitution component of a judgment of conviction, rendering it a final judgment for purposes of appeal.").

¶ 14    The People don't make any argument or present any authority to support a conclusion that the trial court's November 30 restitution order (rather than its May 15, 2023, restitution order) should be considered a final appealable order.  Indeed, the order didn't terminate the proceeding since it satisfied only one component of a judgment of conviction and another component of the judgment —the imposition of sentence — remained outstanding.  *See* Crim. P. 32(b)(3)(I); *Sanoff v. People*, 187 P.3d 576, 577 (Colo. 2008) ("[A] final judgment in a criminal case does not come until the defendant is acquitted, the charges are dismissed in their entirety, or the defendant is convicted and sentence is imposed.").  And the November 30 order didn't even resolve the issue of restitution

6

because it afforded the prosecution additional time to supplement its request for the remaining $70,602 in restitution.

¶ 15    Because the November 30 restitution order wasn't a final appealable order, we conclude that Jamison's failure to file a notice of appeal within forty-nine days of its entry doesn't deprive us of jurisdiction to consider the propriety of restitution order.  Instead, it was the court's May 15, 2023, restitution order — which disposed of the outstanding restitution issues — that constituted the court's final appealable order.  And because Jamison's notice of appeal was timely from that order, we have jurisdiction over this appeal.

### III.    Restitution Order

¶ 16    Jamison contends that the trial court erred by imposing restitution without holding a hearing.  The People assert that, if this appeal isn't jurisdictionally barred, the case should be remanded for the court to resolve whether Jamison was afforded a restitution hearing and, if not, to hold a hearing.  We conclude that the case must be remanded for a restitution hearing.

¶ 17    In its May 15, 2023, order, the trial court stated that "Mr. Jamison was afforded every right and opportunity he was due when it came to the determination of his restitution amount" and that

"Mr. Jamison has not shown that any of his rights were violated by the procedure used to determine restitution." A defendant, however, is entitled to a restitution hearing when one is requested. *People v. Martinez-Chavez*, 2020 COA 39, ¶ 18. Therefore, Jamison's right to a restitution hearing was violated when the court imposed restitution without conducting a hearing as requested by Jamison.

¶ 18 It appears that the court denied Jamison's reconsideration motion, in part, because (1) Jamison waived his right to be present at the restitution hearing, and (2) defense counsel had acquiesced to the resolution of restitution without a hearing. Those determinations seem to be based on the following factual findings: (1) a hearing was held on October 22, 2021, at which defense counsel appeared by phone but Jamison did not appear; (2) at that hearing, "counsel did not object to the vacation of the evidentiary hearing nor did he make any statements regarding his client's presence or lack thereof"; (3) "Mr. Jamison was given notice [of the restitution hearing], through his counsel of record, both of the date and of the time of that hearing and [notice] that it would proceed without him should he choose not to attend"; and (4) Jamison,

despite "kn[owing] that these processes were taking place[,] . . . made the voluntary decision to absent himself from this matter for sixteen months." The court held that there was "no evidence to suggest that Mr. Jamison's decision not to attend the restitution hearing was anything but knowingly, intelligently, and voluntarily made" and "no evidence to suggest that defense counsel's decision not to proceed to the evidentiary hearing and instead reiterate his objection in writing was a tactical one by counsel."

¶ 19     To begin, a defendant's right to be present at a restitution hearing is separate and distinct from the defendant's right to demand the court conduct a restitution hearing. *See People v. Martinez*, 166 P.3d 223, 224 (Colo. App. 2007) ("[T]he trial court erred in concluding that [the] defendant's nonappearance waived not only his right to be present but also his right to contest the amount of restitution" because, "[e]ven though a defendant does not physically appear at a restitution hearing, the defendant may nonetheless appear through counsel to contest the amount of the award."). Thus, even if Jamison had waived his right to attend the restitution hearing in person, doing so didn't waive his right to

9

demand that the court still conduct a restitution hearing where he was represented by his counsel.

¶ 20    More importantly, the trial court's finding that defense counsel made a tactical decision to resolve the restitution issue without a hearing isn't supported by the record.  In its October 26, 2021, order, the court stated that it had vacated the October 22 hearing and that it had made the decision to address restitution through written arguments from the parties.  But in his November 8, 2021, written objection to restitution, defense counsel again requested a hearing.  And nothing in the record thereafter indicates that counsel withdrew that request or consented to a determination of restitution without a hearing.

¶ 21    Moreover, we aren't persuaded by the People's assertion that, on remand, the trial court needs to resolve whether or not Jamison was previously afforded a restitution hearing in order to determine whether or not he is now entitled to a hearing.  Notwithstanding the circumstances surrounding the October 22 hearing, Jamison reasserted his request for a hearing in his subsequent objection to restitution, which triggered the requirement for the court to hold a

hearing before imposing restitution.  *See Martinez-Chavez*, ¶ 18; *Rivera*, 250 P.3d at 1275.

¶ 22　　Lastly, we note that, in its May 15 order, the trial court took issue with the fact that Jamison didn't file his motion for reconsideration of the restitution order until after he was sentenced and his conviction became final.  Again, the record doesn't support this finding; instead, the record shows that the motion was filed four days *before* sentencing.

## IV.　Disposition

¶ 23　　The restitution order is vacated, and the case is remanded for the trial court to hold a hearing on restitution.

　　JUDGE BROWN and JUDGE MOULTRIE concur.