24CA0410 Estate of Grosse-Rhode 05-15-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0410
Mesa County District Court No. 18PR30095
Honorable Valerie J. Robison, Judge

In re the Estate of Gregory Alan Grosse-Rhode, deceased.

Ciana Grosse-Rhode,

Appellant,

v.

Joan Rhode,

Appellee.

APPEAL DISMISSED IN PART
AND ORDERS AFFIRMED

Division VI
Opinion by JUDGE WELLING
Kuhn and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 15, 2025

Blair K. Drazic, Loma, Colorado, for Appellant

Chris Mahre & Associates, Chris Mahre, Grand Junction, Colorado, for
Appellee

¶ 1 Plaintiff, Ciana Grosse-Rhode, appeals the trial court's orders approving final settlement of her father's estate; dismissing her complaint against Joan Rhode, the personal representative of her father's estate; and granting attorney fees in favor of Joan.[1] We affirm the trial court's orders approving the settlement and awarding attorney fees, but we dismiss the portion of the appeal challenging the order dismissing the complaint.

## I. Background

¶ 2 The decedent, Ciana's father, died in February 2018. In accordance with a codicil to his will, Joan, his sister and Ciana's paternal aunt, was appointed as the personal representative of the estate. In his codicil, Ciana's father bequeathed his interest in multiple properties to Ciana. Some of the properties bequeathed to Ciana weren't owned by her father outright; rather, her father's brothers also maintained an interest in a number of the properties. At some point after the properties were bequeathed to Ciana, the ownership interests owned by Ciana and her father's brothers

---

[1] Because plaintiff and the personal representative share the same last name, we refer to each by her first name. We mean no disrespect by doing so.

changed.  On February 17, 2021, Ciana and Joan signed a distribution agreement noting the changes in ownership.

¶ 3     On October 14, 2022, after Ciana and Joan had signed the distribution agreement, Joan filed a final accounting and petition for final settlement.  A few weeks later, on October 30, 2022, Ciana filed an objection to the petition for final settlement.  In her objection, Ciana alleged that Joan had made transfers that "were deleterious" to Ciana and that Joan had "violated the clear-cut specific terms of the Will."  Ciana also stated her intent "to follow this [objection] with a formal Complaint for Breach of Fiduciary Duty potentially seeking actions to restore the status quo that was intended under the Will."  In April of 2023, the court scheduled a hearing on Ciana's objection for November 6, 2023.

¶ 4     On November 1, 2023, Joan filed a C.R.C.P. 12(b)(5) motion to dismiss the objection for failure to state a claim.  Then, on November 3, 2023, approximately one year after objecting to the petition for final settlement and three days before the hearing on the objection, Ciana filed a complaint and jury demand against Joan alleging claims for breach of fiduciary duty and conversion.  Two days later, on November 5, 2023, Joan filed a second C.R.C.P.

12(b)(5) motion to dismiss Ciana's complaint and jury demand for failure to state a claim arguing that the complaint was time barred.

¶ 5    The trial court proceeded to hold the hearing without ruling on Joan's motions to dismiss. After the hearing, Ciana filed responses to Joan's motions, requesting that the court deny the motion to dismiss the complaint and grant in part[2] and deny in part the motion to dismiss the objection.

¶ 6    After a three-day hearing, the trial court approved the petition for final settlement and declined to disturb the distribution agreement. The trial court also granted both of Joan's motions to dismiss.

## II.    Analysis

¶ 7    On appeal, Ciana contends that the trial court erred by (1) granting the petition for final settlement; (2) granting the motion to dismiss the complaint; and (3) awarding attorney fees to Joan. Joan argues that we should affirm the trial court's orders and award her the attorney fees she has incurred on appeal. We

---

[2] In her response to Joan's motion to dismiss the objection, Ciana conceded that the portion of her objection that "discusse[d] claims against distributees" should be dismissed, as the complaint asserted claims solely against Joan.

address each of Ciana's contentions in turn and then address Joan's request for appellate attorney fees.

### A. Objection to the Final Distribution

¶ 8 Ciana first contends that the trial court erred by granting Joan's petition for final settlement. Because Ciana failed to provide us with transcripts from the November hearings we must assume that the record supports the court's decision and, therefore, affirm its ruling.

### 1. Legal Principles

¶ 9 It's expected that counsel is familiar with and complies with the Colorado Appellate Rules. *O'Quinn v. Baca*, 250 P.3d 629, 631 (Colo. App. 2010). Colorado Appellate Rule 10 requires an appellant to "include in the record transcripts of all proceedings necessary for considering and deciding the issues on appeal." C.A.R. 10(d)(3). If a party asserts error, that party must "affirmatively show" that error occurred. *People v. Duran*, 2015 COA 141, ¶ 11. "[W]hen determining whether the party asserting error has met its burden, a reviewing court must review and consider the entire record and apply the evidence in a manner that will support the judgment." *Id.* But we can't review facts that don't

appear in the record, and instead we must apply a "presumption . . . that material portions omitted from the record would support the judgment." *Id.* at ¶ 12; *see also Hock v. N.Y. Life Ins. Co.*, 876 P.2d 1242, 1252 (Colo. 1994) ("An appellate court must presume that the trial court's findings and conclusions are supported by the evidence when the appellant has failed to provide a complete record.").

### 2. The Record is Inadequate

¶ 10 To the extent that Ciana contends that the trial court erred by granting the petition for final settlement, we must disagree.[3] Ciana failed to provide us with any transcripts from the hearings held by the court. Any analysis of the merits of this contention is, therefore, impaired, and we must, instead, presume that the

---

[3] It appears that Ciana also contends that the trial court erred by granting Joan's motion to dismiss the objection. We also disagree with this contention. The trial court only granted the motion to dismiss the objection based on conferral issues regarding whether Ciana intended to assert additional claims against the estate or distributees. And Ciana conceded in her response to the motion that she was asserting claims against only Joan. Moreover, the trial court substantively considered the other claims Ciana raised in her objection when resolving the petition for final settlement. Therefore, we won't disturb the trial court's order granting the motion to dismiss the objection.

evidence presented at the hearings supports the trial court's determination that the distribution agreement was conscionable, that Joan didn't breach her fiduciary duty to Ciana, and that the petition for final settlement should be approved. *See Hock*, 876 P.2d at 1252. Accordingly, we affirm the trial court's order granting the petition for final settlement based on Ciana's failure to perfect the record on appeal.

### B. Motion to Dismiss the Complaint

¶ 11 Ciana next contends that the trial court erred by granting Joan's motion to dismiss the complaint because the complaint asserted claims for fraud, misrepresentation, and inadequate disclosure, which are claims excepted from the time bar Joan relied on in the motion. Because the court dismissed the complaint without prejudice (and neither party contends that the statute of limitations on the claims that Ciana was endeavoring to assert has expired), the court's order granting the motion to dismiss isn't a final order, and we, therefore, lack jurisdiction over the appeal of that order. Accordingly, we dismiss this portion of the appeal without prejudice.

## 1. Additional Background

¶ 12     Joan's motion to dismiss the complaint was based on her contention that the claims asserted against her were time barred under section 15-12-1005, C.R.S. 2024.  Section 15-12-1005 provides,

> Unless previously barred by adjudication and except as provided in the closing statement, the rights of successors and of creditors whose claims have not otherwise been barred against the personal representative for breach of fiduciary duty are barred unless a proceeding to assert the same is commenced *within six months* after the filing of the closing statement. *The rights thus barred do not include rights to recover from a personal representative for fraud, misrepresentation, or inadequate disclosure related to the settlement of the decedent's estate.*

(Emphases added.)

¶ 13     In its order dismissing the complaint, the trial court observed that Ciana acknowledged the complaint was filed more than six months after she signed the distribution agreement and more than six months after the petition for final settlement was filed.  And the court found that the complaint contained no allegations of fraud, misrepresentation, or inadequate disclosure that would not have been subject to the six-month time bar set forth in section 15-12-

7

1005.  Based on this, the court granted Joan's motion to dismiss the complaint for failure to state a non-time-barred claim.  In granting the motion to dismiss, the trial court did not specify whether it dismissed the complaint with or without prejudice.

## 2.    Jurisdiction

¶ 14    "Generally, this court has jurisdiction to review only final judgments from the district court."  *Martinez v. LHM Corp., TCD*, 2020 COA 53M, ¶ 12 (first citing § 13-4-102, C.R.S. 2024; and then citing C.A.R. 1(a)), *aff'd on other grounds*, 499 P.3d 1050 (Colo. 2021).  And "a dismissal without prejudice constitutes a final judgment only if the action 'cannot be saved' by an amended complaint."  *DIA Brewing Co. v. MCE-DIA, LLC*, 2020 COA 21, ¶ 31, *aff'd on other grounds sub nom. Schaden v. DIA Brewing Co.*, 2021 CO 4M.  If a statute of limitations would bar further proceedings, then a complaint can't be saved.  *Id.* at ¶ 32; *see also Scott v. Scott*, 136 P.3d 892, 896 (Colo. 2006) ("We hold that the same rules of finality apply in probate cases as in other civil cases; thus, an order of the probate court is final if it ends the particular action in which it is entered and leaves nothing further for the court pronouncing it

to do in order to completely determine the rights of the parties as to that proceeding.").

¶ 15    Joan argues that because the trial court didn't specify whether its dismissal of Ciana's complaint was with or without prejudice, we must presume that its dismissal was without prejudice. *See DIA Brewing Co.*, ¶ 28 ("C.R.C.P. 41(b)(3) presumes that dismissal orders that do not specify with or without prejudice must be construed as effecting a dismissal without prejudice."). We agree with Joan.

¶ 16    It's been long recognized that, in granting a motion to dismiss, a trial court generally shouldn't dismiss the claims with prejudice if doing so would deprive a plaintiff of its right to amend as a matter of course unless the plaintiff has waived its right to file an amended complaint. *See, e.g.*, *Passe v. Mitchell*, 423 P.2d 17, 17-18 (Colo. 1967). And here, neither party identifies a basis for dismissing the complaint with prejudice. Instead, Joan argues that "claims alleging fraud, misrepresentation, or inadequate disclosure, having never been dismissed by the court with prejudice in a final order, do not allow [Ciana] any appeal right." Again, we agree with Joan.

¶ 17    As noted, "[t]he dismissal of a complaint without prejudice is generally not appealable unless such dismissal prohibits further proceedings, such as when the applicable statute of limitations would prevent the reinstitution of suit." *Golden Lodge No. 13, I.O.O.F. v. Easley*, 916 P.2d 666, 667 (Colo. App. 1996) (citing *B.C. Inv. Co. v. Throm*, 650 P.2d 1333, 1335 (Colo. App. 1982)). Neither party contends that there is a statute of limitations bar that would impair Ciana from the claims she says she attempted to assert in her complaint.

¶ 18    Section 15-12-1005 expressly states that the time bar for breach of fiduciary duty claims isn't applicable to claims of fraud, misrepresentation, or inadequate disclosure against a personal representative. And section 15-10-106, C.R.S. 2024, indicates that Ciana's claims for fraud are subject to an extended statute of limitations:

> Whenever fraud has been perpetrated in connection with any proceeding or in any statement filed under this code or if fraud is used to avoid or circumvent the provisions or purposes of this code, any person injured thereby may obtain appropriate relief against the perpetrator of the fraud or restitution from any person (other than a bona fide purchaser) benefitting from the fraud, whether innocent or

> not. *Any proceeding must be commenced within five years after the discovery of the fraud.*

(Emphasis added.)

¶ 19 Based on this statutory provision, it appears that Joan is correct that Ciana has five years from the date she discovered any alleged fraud to commence suit for fraud, misrepresentation, or inadequate disclosure. *See id.* According to the record before us, Ciana didn't sign the distribution agreement detailing the alterations in land ownership until February 2021, less than five years ago. Both parties apparently agree that Ciana may still avail herself of section 15-10-106. Indeed, Joan unambiguously concedes that "[c]laims for fraud, misrepresentation or inadequate disclosure may still be brought by Ciana in a separate proceeding should she choose to do [so]." Although Ciana believes that Joan "has a technical defense up her sleeve," that concern doesn't vest us with jurisdiction to address this nonfinal order. Instead, we must dismiss her appeal of the court's order dismissing her complaint for lack of jurisdiction. *See Golden Lodge No. 13*, 916 P.2d at 667.

## C.    Attorney Fees

¶ 20     Ciana next contends that the trial court erred by awarding attorney fees to Joan for both the motions to dismiss and the objection hearing.  We aren't persuaded that the trial court erred.

### 1.    Additional Facts

¶ 21     In her motion to dismiss the objection, Joan requested that the trial court award her attorney fees "in an amount to be submitted after the court's dismissal of the Objection and/or the court's approval of the Petition for Final Settlement after any hearing that may be required."

¶ 22     In its written order for final settlement entered after the hearing on the objection, the trial court, citing sections 15-10-602 and -603, C.R.S. 2024, found that Joan was entitled to an award of her "reasonable compensation for services rendered on behalf of the estate," including an award of attorney fees.  In accord with this determination, the trial court found and ordered,

> [Joan] is entitled to reimbursement for the reasonable attorney's fees incurred in responding to and defending against the Objection.  [Joan] must submit the request for attorney's fees within 21 days of the date of this Order.  Ciana shall then have 14 days to

> file any response or objection.  [Joan] will then
> have 7 days to file any reply.

¶ 23     On the same day it approved final settlement, the trial court granted Joan's motion to dismiss the objection.  In its order granting the motion to dismiss the objection, the trial court awarded Joan "reasonable attorney's fees that were required to be expended in the filing of [the motion to dismiss the objection]" and set forth the same briefing timeline, ordering that "[a]n appropriate application and affidavit for attorneys' fees and costs must be filed within 21 days of the date of this Order.  Any response shall be due no later than 14 days after the application and affidavit are filed, with any reply being due seven days thereafter."

¶ 24     Joan timely filed her motion for reimbursement of attorney fees and costs, requesting an award of $23,490.  Ciana, however, failed to timely respond to Joan's motion.  Because no timely response was filed, the trial court "deem[ed] the motion confessed" and granted Joan's motion for attorney fees and costs in the amount requested.  After the trial court issued its order, Ciana filed a response without first seeking leave to file out of time or explaining why her response hadn't been timely filed.  The court

acknowledged receipt of Ciana's late-filed response but declined to consider it because it was untimely, and the court had already ruled on Joan's motion for reimbursement of attorney fees.

### 2.   Analysis

¶ 25    We review a trial court's "decision to award costs and attorney fees under an abuse of discretion standard." *Anderson v. Pursell*, 244 P.3d 1188, 1193 (Colo. 2010).  A trial court abuses its discretion if its "ruling was manifestly arbitrary, unreasonable, or unfair, or was based on a misunderstanding or misapplication of the law." *Bd. of Cnty. Comm'rs v. DPG Farms, LLC*, 2017 COA 83, ¶ 34.

¶ 26    Pursuant to section 15-10-602, a personal representative of an estate and that person's attorney "are entitled to reasonable compensation for services rendered on behalf of an estate." § 15-10-602(1); *see also* § 15-10-602(6) (Subject to exceptions inapplicable here, "if any fiduciary . . . defends or prosecutes a proceeding in good faith, whether successful or not, the fiduciary or person is entitled to receive from the estate reimbursement for reasonable costs and disbursements, including but not limited to reasonable attorney fees.").

¶ 27 This entitlement to compensation does "not limit or remove a court's inherent authority, discretion, and responsibility to determine the reasonableness of compensation and costs when appropriate." § 15-10-602(4). To that end, the court gave Joan a deadline to make her request and Ciana a deadline to respond. Joan made her request in a timely fashion, supported by an affidavit setting forth the detailed basis of the request and attesting to its necessity and reasonableness. Ciana didn't timely respond.

¶ 28 Because Ciana failed to timely respond to Joan's request for an award of attorney fees and because the request was supported by an affidavit attesting to the amount, necessity, and reasonableness of the request, we can't conclude that the trial court abused its discretion by granting the motion. C.R.C.P. 121, section 1-15(3), provides that "failure of a responding party to file a responsive brief may be considered a confession of the motion." Thus, there was nothing improper about the court deeming the motion confessed and granting it once the fourteen-day deadline it had set passed without Ciana filing a response.

¶ 29 For the first time on appeal, Ciana contends that the trial court improperly limited the timeframe in which she could file a

response to Joan's motion, reducing her time to respond from the presumptive twenty-one days to just fourteen days. *See* C.R.C.P. 121, § 1-15(1)(b) ("The responding party shall have 21 days after the filing of the motion *or such lesser or greater time as the court may allow* in which to file a responsive brief.") (emphasis added); C.R.C.P. 121, § 1-22(2)(b) (providing that any response to a motion for attorney fees "shall be filed within the time allowed in practice standard § 1-15"). She didn't raise this issue below, so we need not consider it.

¶ 30 In any event, the argument is unavailing. Ciana doesn't dispute that the same provision that provides for a presumptive deadline of twenty-one days also gives the trial court discretion to

shorten that deadline.[4]  That is exactly what the court did here.  It gave Ciana fourteen days from the filing of a motion to file any response or objection.  Ciana didn't object to this truncated deadline when it was imposed.  Nor did she seek relief from it when she filed her untimely response.  And she's never argued that her failure to timely respond was due to excusable neglect.  Simply put, there was nothing improper about the court setting — and under

---

[4] Though neither party specifically raises it, we note that there is one subsection of section 15-10-602, C.R.S. 2024, that sets forth presumptive deadlines for making and objecting to fee requests. Specifically, section 15-10-602(7)(b)(I) provides:

> The lawyer or other person shall file a request for compensation for services or costs alleged to have resulted in the order [beneficial to the estate] within thirty-five days after the entry of the order or within a greater or lesser time as the court may direct.  Any objection thereto must be filed within twenty-one days after the filing of the request for compensation or costs. Any reply to the objection must be filed within seven days after the filing of the objection.

But this briefing scheme only applies to requests for fees and costs incurred by "a lawyer or another person *not* appointed by the court [who] provides services that result in an order beneficial to the estate, respondent, ward, or protected person." § 15-10-602(7)(b) (emphasis added).  Because Joan was appointed by the court her request isn't explicitly governed by the timeline provided by section 15-10-602(7)(b)(I).

the facts of this case, enforcing — a fourteen-day deadline to object to Joan's request for an award of fees.  For these reasons, we won't disturb the award on appeal.

## D. Attorney Fees on Appeal

¶ 31     Joan contends that she is entitled to an award of her attorney fees on appeal pursuant to C.A.R. 38(b), contending that Ciana's appeal is frivolous.  Though it's a close call, we decline to award appellate attorney fees.

¶ 32     C.A.R. 38(b) provides that, "[i]f the appellate court determines that an appeal or cross-appeal is frivolous, it may award damages it deems appropriate, including attorney fees, and single or double costs to the appellee or cross-appellee."  An appeal can be frivolous if (1) "the judgment by the court below is so plainly correct and the legal authority contrary to appellant's position so clear that there is really no appealable issue" or (2) "where the appellant commits misconduct in arguing the appeal."  *SG Ints. I, Ltd. v. Kolbenschlag*, 2019 COA 115, ¶ 42.

¶ 33     Joan contends that the appeal was frivolous because Ciana "failed to provide a transcript of the trial below yet proposed alternative facts of the case not found to exist by the trial court;

cited attorney civil attorney fee provisions explicitly not relied on by the court nor applicable to this probate proceeding, and pursued claims for reversal of trial court rulings that were admittedly not preserved for appeal." Ciana responds that she didn't provide transcripts because she was appealing only the trial court's grant of two motions to dismiss pursuant to Rule 12(b)(5), the review of which, in her view, doesn't require transcripts.

¶ 34 While we disagree with Ciana's view of which portions of the record were necessary for our review of the issues she actually raised on appeal, we decline to conclude that her rationale for omitting the transcripts rendered her appeal frivolous. Moreover, although we dismissed the portion of the appeal challenging the dismissal of her complaint for lack of jurisdiction, we must acknowledge that the court didn't specify whether its dismissal of that complaint was with or without prejudice, giving her a colorable basis for believing that it was necessary to appeal the court's order dismissing the complaint at this juncture. Simply put, although we ultimately rejected or declined to reach all of the arguments Ciana raised on appeal — and her briefing and argumentation was, at times, very difficult to follow — we aren't persuaded that the appeal

was frivolous such that an award of appellate attorney fees is warranted. Accordingly, we deny Joan's request for her attorney fees incurred on appeal.

## III. Disposition

¶ 35    For the reasons set forth above, we affirm the trial court's orders approving the settlement and awarding attorney fees, but we dismiss the appeal of the order dismissing the complaint.

JUDGE KUHN and JUDGE SCHUTZ concur.