24CA1366 Halper v DeMercardo 12-24-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1366
San Miguel County District Court No. 24CV5
Honorable Keri A. Yoder, Judge

Mark Lewis Halper,

Plaintiff-Appellant,

v.

Lauren DeMercardo, Sarah Landeryou, and John Wontrobski,

Defendants-Appellees.

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE JOHNSON
Harris and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 24, 2025

Mark Lewis Halper, Pro Se

Nathan Dumm & Mayer P.C., Nicholas C. Poppe, Denver, Colorado, for
Defendants-Appellees

¶ 1     Plaintiff, Mark Lewis Halper (Halper), appeals the district court's dismissal of his complaint without prejudice and placing conditions on Halper before it could be refiled. Specifically, Halper alleges the district court denied him the right to "confront his accusers" by dismissing his complaint, thus denying him the "appropriate judicial process." We disagree and, therefore, affirm.

## I.     Background

¶ 2     Halper's library privileges at the Wilkinson Public Library were suspended for one year due to Halper asking an underage library patron to help him take a photograph on his cell phone of an allegedly pornographic website. In response, Halper — appearing pro se — sued three of the library's employees, defendants, Lauren DeMercado, Sarah Landeryou, and John Wontrobski, for purportedly making false representations about him in an incident report involving his alleged inappropriate behavior in violation of the "Library Bill of Rights, Article 7."

¶ 3     Following review of Halper's complaint, the district court sua sponte issued an order finding Halper's complaint noncompliant with multiple rules of civil procedure. The court found that it did not appear that the complaint was well grounded in law or fact and

could not survive a motion to dismiss. Specifically, it ruled that it was unclear what legal claims Halper was asserting except for one pursuant to the Library Bill of Rights, which the court noted had not been enacted into state law but was instead a set of principles announced by the American Library Association. Regardless, the court determined that Halper had not stated any authority to support that the Library Bill of Rights, or another law, authorized a private cause of action. As a result, the district court ordered Halper to either (1) file a complaint conforming with the rules of civil procedure and containing well-grounded factual and legal averments within fourteen days or (2) move to dismiss his case.

¶ 4 Halper responded, restating his original claim and requesting, in the alternative, that the district court (1) determine that "the Acceptable Use of the Library Policy (Library Policy) and subsequent removal of Mark Halper's library privileges at the Wilkinson Public Library is in principle only, and not having effective law authority"; and (2) issue an order to reinstate his library privileges effective immediately.

¶ 5 The district court determined that Halper's response did not cure any of his complaint's defects. It held that the revised

complaint still violated C.R.C.P. 8 because it did not contain a short and plain statement of the claim(s) entitling Halper to relief. The court also determined that Halper's complaint violated C.R.C.P. 11 because it was not well grounded in fact or existing law. As a result, the district court dismissed Halper's complaint without prejudice. It also entered a prefiling injunction that requires Halper to satisfy several conditions before he may refile the complaint or bring any other pro se action in the district court.[1]

---

[1] Although neither party has raised the issue, we must be assured we have jurisdiction to review this appeal. *See Smith v. City & County of Denver*, 2025 COA 70, ¶ 12 (an appellate court may determine nostra sponte whether it has jurisdiction over an appeal). We are limited to the review of final appealable orders. *People in Interest of S.C.*, 2020 COA 95, ¶ 6. Ordinarily, a final appealable order does not include a dismissal without prejudice because a party may refile the lawsuit. *Id.* at ¶ 8. But when "the circumstances of the case indicate that the action cannot be saved and that the district court's order precludes further proceedings, dismissal without prejudice qualifies as a final judgment for the purposes of appeal." *Avicanna Inc. v. Mewhinney*, 2019 COA 129, ¶ 1 n.1. We conclude that, given the court's prefiling injunction, the order has the effect of being final. *See S.C.*, ¶ 10; *see also Karr v. Williams*, 50 P.3d 910, 915-16 (Colo. 2002) (setting forth conditions that impose requirements on a litigant to obtain court approval to refile a complaint).

## II.  Sua Sponte Dismissal

¶ 6  As we understand his arguments, Halper contends that the district court erred by dismissing his complaint sua sponte.  We disagree.

### A.  Standard of Review

¶ 7  We review a district court's application of the Colorado Rules of Civil Procedure de novo.  *Marquez v. Schaefer*, 2025 COA 44, ¶ 19.

¶ 8  Dismissal "may be proper even in cases where no motion requesting dismissal has been filed."  *ISG, LLC v. Ark. Valley Ditch Ass'n,* 120 P.3d 724, 730 (Colo. 2005).  If a court is inclined to dismiss a complaint sua sponte, "it should, as a matter of fundamental fairness, if not due process, give the plaintiff an opportunity to persuade the court that dismissal is not proper."  *Schwartz v. Owens*, 134 P.3d 455, 457 (Colo. App. 2005).

### B.  Library Policy Claims

¶ 9  The district court found that Halper's complaint failed to comply with C.R.C.P. 8, 10, and 11, concluding that it "assert[ed] no cognizable state district court claim."  While not cited by the district court, we construe the order to be a ruling under C.R.C.P.

12(b)(5), which authorizes a court to dismiss a plaintiff's complaint for failure to state a claim upon which relief may be granted.  The purpose of Rule 12(b)(5) is to test the legal sufficiency of a plaintiff's complaint.  *Nesjan v. J & A Distrib., Inc.*, 2025 COA 81, ¶ 8.

¶ 10 We review a district court's decision to dismiss a complaint under Rule 12(b)(5) de novo.  *Wagner v. Grange Ins. Ass'n*, 166 P.3d 304, 307 (Colo. App. 2007).  The district court was testing the legal sufficiency of Halper's complaint by holding that he failed to state cognizable claims for relief, and we may affirm a correct district court judgment on any grounds supported by the record.  *See Roque v. Allstate Ins. Co.*, 2012 COA 10, ¶ 7.

¶ 11 Every cause of action must satisfy the plausibility standard articulated in *Twombly* and *Iqbal*, which was later adopted in *Warne*.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Warne v. Hall*, 2016 CO 50, ¶ 24.  Under this standard, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Supreme Court decisions set forth two "working principles": First, a court need not accept as true

allegations in the complaint that are merely legal conclusions, and second, only a complaint that states a viable claim for relief survives a motion to dismiss. *Warne*, ¶ 9 (citing *Iqbal*, 556 U.S. at 678-79).

¶ 12     Halper alleged that the library employees violated his privacy and confidentiality rights under the Library Policy or Library Bill of Rights and requested that the district court reinstate his library privileges. But this is not a plausible claim upon which relief may be granted. As the district court concluded, and we agree, Halper did not cite, nor could we find, any authority that the Library Bill of Rights was enacted into state law by the General Assembly, much less that it contains a private right of action. *See League of Women Voters of Greeley, Weld Cnty., Inc. v. Bd. of Cnty. Comm'rs*, 2025 CO 8, ¶ 17 ("[W]e require a 'clear expression' of legislative intent to establish a private right of action." (citation omitted)); *see also Colo. Gen. Assembly v. Lamm*, 704 P.2d 1371, 1380 (Colo. 1985) (Speaking in broad terms, "it is the province of the general assembly to enact legislation."). Because Halper's claim under the Library Bill of Rights and his request to have the district court reinstate his

library privileges are not supported by legal authority, the district court did not err by dismissing that claim.

¶ 13 The district court appropriately gave Halper an opportunity to persuade the court that dismissal was not proper by allowing him to file an amended complaint. But Halper failed to cure the issues identified by the district court, and, thus, we discern no error.[2]

### III. Conclusion

¶ 14 We affirm the judgment of dismissal.

JUDGE HARRIS and JUDGE SCHOCK concur.

---

[2] We construe nothing in Halper's appellate briefing to directly challenge the prefiling injunction and conditions the district court placed on him before he could refile his complaint. Thus, there is no need to address this issue. And to the extent there are other claims that Halper attempted to assert in his complaint, we are unable to discern any other cognizable cause of action.